391 P.2d 560

**STATE of Arizona, Appellee,**

**v.**

**Jesse Ray MAXWELL, aka Benny Lucero, Appellant.**

**No. 1335.**

Supreme Court of Arizona.

En Banc.

April 16, 1964.

Charles S. Pizzo, Phoenix, for appellant.

Robert W. Pickrell, Atty. Gen., Philip M. Haggerty, Asst. Atty. Gen., for appellee.

JENNINGS, Justice.

Jesse Ray Maxwell, appellant herein, was tried and convicted by a jury on two counts of passing forged checks contrary to the provisions of A.R.S. § 13–421. He was sentenced to serve a term from three to five years on each count, the terms to run concurrently. From the judgments and sentences, this appeal has been prosecuted.

The facts briefly stated in the light most favorable to sustaining the convictions are as follows: Jimmie Brown, owner of the Trade Winds Cocktail Lounge in Phoenix, Arizona, testified that appellant passed two forged checks to him while on duty at the Lounge on October 16th and October 19th, 1962, respectively. On both occasions, appellant represented himself to be Benny Lucero, and said he was on duty as a state liquor control agent working in the narcotics division. Appellant signed the name of Benny Lucero, State Liquor Control, Expense Account, on both checks and this in Brown's presence. Appellant also made both checks out on different banks to the order of "cash" for the amounts of $25 and $50 respectively. Brown, having heard of Lucero but not knowing him personally, believed appellant and did not ask for any identification. Brown further testified that appellant had been coming into the Lounge off and on for a period of two to three weeks before these two checks were given to him and that most of the time he came in he said he was on duty with the State Liquor Control Board, and this in a convincing manner. There was also testimony elicited from Brown to the effect that his employee on the night shift had accepted two more checks signed by appellant in Lucero's name and that both of these checks were dishonored.

Lucero testified that he had been employed as a narcotics officer. He had known appellant for many years, but was not acquainted in any way with Brown. Appellant had ridden with him various times in his police work. He did not authorize appellant to sign the two checks in question or any other check, and he further testified that the signatures on the two checks involved were not his.

Subsequent to the passing of the checks, appellant's mother and grandmother both went to Brown to see if they could make restitution therefor. Brown merely referred them to the county attorney.

■ Appellant, in his first assignment of error, contends the trial court erred in denying his motion for a directed verdict of acquittal at the close of all the evidence arguing that the state failed to show any evidence of intent to defraud. Intent to defraud is an essential element of the crime of forgery. A.R.S. § 13–421. Ordinarily, intent to defraud may be, and often must be inferred from the circumstances in which a false instrument is executed or issued. People v. Valdes, 155 Cal.App.2d 613, 318 P.2d 118. See also State v. Hoffman, 78 Ariz. 319, 279 P.2d 898, wherein we cited Gates v. United States, (10th Cir. 1941) 122 F.2d 571, 575, to the effect that:

"* * * fraudulent intent, as a mental element of crime, is often difficult to prove by direct evidence. In many cases it must be inferred from acts of the parties, and inferences may arise from a combination of acts, even though each act or instance, standing by itself, may seem unimportant."

■■ Appellant erroneously claims the state was required to show that the checks passed were not honored. The crime of forgery is complete when one either makes or passes a false instrument with intent to defraud. People v. Platt, 124 Cal.App.2d 123, 268 P.2d 529. It is immaterial to the offense of forgery whether any person has been actually injured. The injury is not whether anyone has been actually injured, but whether anyone might have been prejudiced. Arnold v. Cost, 3 Gill & J. (Md.) 219, 22 Am.Dec. 302.

Nonetheless, there was evidence the checks were dishonored. Appellant brought out the fact that his mother and grandmother had attempted to make restitution therefor. Furthermore, one of the checks came back marked "no account," and Brown himself referred to the fact that the checks had come back.

■ Appellant correctly contends it is error to infer intent to defraud from the unauthorized use of another's name alone and the obtaining of money by the use of the same. There can be no forgery unless the evidence justifies reasonable conclusions that the signer had knowledge of his lack of authority and intended to commit a fraud. People v. Valdes, supra.

■ Along this line, appellant maintains the state must prove he did not have an account with funds in the assumed name of Benny Lucero with the drawees in question. We disagree. As stated supra, intent to defraud may be inferred from the circumstances. Nevertheless, this was proved as to the one check that came back with "no account" stamped on it. The very fact appellant wrote "State Liquor Control" and "Expense Account" on both checks would justify one in concluding that appellant knew of his lack of authority

since he was not working for the state at the time.

Other facts from which a jury could have reasonably inferred fraudulent intent are the following: Appellant passed two other checks to an employee on the night shift in the same assumed name of Benny Lucero and neither was honored; appellant represented himself to be Lucero and repeatedly stated he was on duty for the State Liquor Control; appellant's character witness who had known him for approximately seven years, when asked on direct examination about appellant's reputation for honesty, replied that it was very poor and that among the people that had had occasion to employ or have any business contact with him, he was known to be untruthful and on several occasions dishonest. When reviewing the sufficiency of the evidence to sustain a conviction, this Court will view the evidence in the light most favorable to the state and will resolve all reasonable inferences unfavorably to the appellant-defendant. State v. George, 95 Ariz. 366, 390 P.2d 899; State v. Silvas, 91 Ariz. 386, 372 P.2d 718. The circumstances shown above clearly presented a question for the trier of fact on the issue of intent to defraud. The motion for the directed verdict of acquittal was properly denied.

Appellant contends the trial court erred in allowing testimony regarding the other two checks. Although appellant made no objection to such testimony during the trial, he now urges that such evidence was incompetent as it was based upon hearsay, and also that there was no showing these checks were passed in close proximity to the ones involved in this case. We will not review this alleged error. It is the general rule that unless objection is made to the admission of evidence, it cannot be urged on appeal that it was error for the court to admit it. State v. Eisenstein, 72 Ariz. 320, 235 P.2d 1011; Tucker v. Reil, 51 Ariz. 357, 77 P.2d 203.

Appellant next urges that whenever evidence is admitted of other crimes, there is an imperative duty on the trial court to clearly instruct the jury as to the restricted and limited purpose for which such evidence is to be considered. In this contention he errs. Appellant's failure to request such a limiting instruction constituted a waiver of any right to have such given and the lower court's failure to so instruct on its own motion was not error. State v. Francis, 91 Ariz. 219, 371 P.2d 97.

Appellant, in his final assignment of error, contends the trial court erred in sustaining an objection to the following question propounded by appellant to his character witness on direct examination:

"Q The charge against the defendant in this case is forgery, assuming another person's personality in an attempt to, an alleged attempt

"to pass him off as someone else, so to speak. Have you ever known the defendant to do this in your community?"

The prosecution objected on the ground the question called for a specific act. The lower court ruled correctly. The accused may not elicit from his character witness testimony regarding his specific acts of conduct or disposition. Berger v. State, 179 Md. 410, 20 A.2d 146. Cf. Michelson v. United States, 335 U.S. 469, 477, 69 S.Ct. 213, 219, 93 L.Ed. 168, 174.

Judgment affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and BERNSTEIN, JJ., concur.