407 P.2d 106

STATE of Arizona, Appellee,

v.

Walter TAYLOR, Appellant.

No. 1450.

Supreme Court of Arizona.

En Banc.

Nov. 3, 1965.

**152**

---

Robert W. Pickrell, former Atty. Gen., and Stirley Newell, former Asst. Atty. Gen., for appellee.

Claude W. Olney, Phoenix, for appellant.

UDALL, Justice.

The defendant, Walter Taylor, was charged with the crime of robbery committed on or about August 1, 1963 and was convicted by a jury of the crime charged, on November 14, 1963. Later he was sentenced to serve a term in the state penitentiary at Florence, Arizona. From the verdict and sentence the defendant appeals.

The victim, a soldier from Williams Air Base, came to the Torch Tavern at Third Street and Washington, in Phoenix, on the evening of August 1, 1963. At about ten p. m. he left the Tavern to attend a dance being held two or three blocks away. When he attempted to start his car, which proved to have a dead battery, he observed defendant and two other men standing nearby. After his car would not start he decided to walk to the place where the dance was being held and, as he proceeded on 4th Street, he observed a dark-colored Chevrolet station wagon behind him being driven slowly without lights. He observed there were two men in the station wagon. He became aware that a third man was walking behind him, going in the direction he was going as well as the direction the car was being driven. The man on foot suddenly grabbed the victim and, as he turned his head, he saw it was defendant, one of the men whom he had observed a few minutes earlier standing in front of the Torch Tavern at the time he tried to start his automobile. Thereupon defendant slugged the victim and for a few moments he lost consciousness. When the victim regained consciousness he found that his car keys, and his wallet containing thirty-five to forty dollars, were missing.

The victim went back to the Tavern and reported the incident to the police. He then went to his car to try and start it. While he was working on it a dark-colored Chevrolet station wagon, with three men in it, pulled up to the curb. The victim recognized that defendant was the driver. Likewise defendant apparently recognized the victim, as he immediately pulled away from the curb and sped away. During this interval of time the victim noted the license number of the station wagon and reported it to the police.

About two weeks later the victim saw defendant in a police line-up and identified him as the person who had slugged him and who was driving and had parked the

station wagon near the victim's car [in front of the Tavern] after the crime was committed.

The evidence disclosed that the station wagon belonged to defendant's mother. She testified in support of defendant's defense of alibi by stating the station wagon was in her possession the evening in question. Defendant testified he had spent the entire evening at home because of the illness of his sister. On rebuttal a police officer testified the defendant had stated to him that he had been out the evening of the robbery and didn't remember when he got home.

Defendant assigns as error the fact that the testimony of "the identification by the complaining witness, given at the trial, was bolstered by hearsay testimony of several police officers that the witness previously made similar identification."

Defendant claims the identification of defendant by the victim was bolstered by hearsay testimony of two police officers who were present when the victim made the prior identification. The record discloses that no objection was made to this testimony at the time it is given at the trial.

 The law is well settled that one who does not object to claimed hearsay testimony at the time it is offered thereby waives any objection on appeal. State v. Maxwell; 95 Ariz. 396, 391 P.2d 560; State v. Evans, 88 Ariz. 364, 356 P.2d 1106. In State v. Eisenstein, 72 Ariz. 320, 329, 235 P.2d 1011, 1017, we said:

"It is the general rule that unless objection is made to the admission of evidence, it cannot be urged on appeal that it was error for the court to admit it."

This assignment of error is without merit.

 The State also contends the modern rule is that an identification made prior to the trial is of greater significance than one made in the courtroom, and that testimony of one who has observed such an incident is fully admissible.

We agree with the above statement of law as indicated by our discussion of the admissibility of evidence as to extra-judicial identification of the accused in the recent case of State v. Miranda, 98 Ariz. 11, 401 P.2d 716 (1965). We said in that case:

" 'Evidence of an extra-judicial identification is admissible, not only to corroborate an identification made at the trial * * * but as independent evidence of identity. * * * [E]vidence of an extra-judicial identification is admitted regardless of whether the testimonial identification is impeached, because the earlier identification has greater probative value than an identification made in the courtroom after the suggestions of others and the circumstances of the trial may have intervened to create a fancied recognition in the witness' mind. * * *

[T]he principal danger of admitting hearsay evidence is not present since the witness is available at the trial for cross-examination.'" People v. Gould, 54 Cal.2d 621, 7 Cal.Rptr. 273, 275, 354 P.2d 865, 867.

Accord, State v. McSloy, 127 Mont. 265, 261 P.2d 663 (1953); State v. Wilson, 38 Wash.2d 593, 231 P.2d·288 (1951). See generally Annot., 71 A.L.R.2d 449 (1960); 4 Wigmore, Evidence § 1130 (3d ed. 1940).

· The judgment is affirmed.·

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and BERNSTEIN and McFARLAND, JJ., concur.