425 P.2d 115

**STATE of Arizona, Appellee,**
**v.**
**David Eugene PIERSON, Appellant.**
**No. 1712.**

Supreme Court of Arizona.

In Banc.

March 15, 1967.

Darrell F. Smith, Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., Phoenix, for appellee.

Vernon B. Croaff, Public Defender, Grant Laney, Deputy Public Defender, Phoenix, for appellant.

LOCKWOOD, Justice.

This is an appeal from defendant's conviction for the crime of attempted robbery, and sentence of a term not less than fifteen nor more than twenty years in the state penitentiary. Defendant contends that certain comments made by the prosecu-

tor during his closing argument amounted to a comment on defendant's failure to take the stand, and thus constituted reversible error.

The particular statements objected to were: (1) "Now the defendant hasn't said, I didn't do it," and (2) "The only man in the world besides the defendant that can testify as to whether he was there or not and whether he put the knife to Mr. Sego's throat is Mr. Sego."

In order to determine whether these statements were improper it is necessary to set out the context of two portions of prosecuting counsel's argument, which read as follows:

"Now, the defendant hasn't said, I didn't do it. He says, I wasn't there, and he brought three witnesses in to testify. He brought his mother, he brought his younger brother and he brought his older brother, and all of them testified: Where was the defendant between 7:00 and 8:00? It was like a record: Oh, yes, David was home, I seen him sitting out in the front couch on the front porch. What was he drinking? He was drinking beer and wine. Who was he with? He was with two other guys. Where are the other two guys; where are the other two guys that were drinking with him? He may have said: Well, they weren't willing to come in.

"This is a very important thing. This is an attempted robbery. Defense has a right of subpoena. Where are these other two fellows that could testify that he was out there? We submit there were no two guys."

And the second portion of the state's argument stated:

"Counsel for the defense has made a few points that I would like to clarify. He says, why doesn't the State have more evidence, where are all their witnesses? Well, we have a very unfortunate situation. Most robbers don't like crowds. They usually pick somebody all by themselves, and when the guy comes in and says that's the one, then they say just his word against mine. If we did that, if we failed to come to Court with just the one person, we might as well forget about it. If anybody wants to pick somebody by himself, he can rob him. Now, I ask is this logical?

"And all these officers—would it do me any good to bring more officers to testify they were at the scene, they went along in all this? There is no necessity for this, our Courts are crowded enough without garbaging it up.

"All we have to do is to show each material allegation. I submit to you that we have done so. The only man in the world besides the defendant that can testify as to whether he was there or not and whether he put the knife to Mr. Sego's throat is Mr. Sego. We admit no one else saw it, but you heard Mr. Sego's testimony, you heard his testimony and was he unsure? No."

■ In Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), the Supreme Court of the United States held that the privilege against self-incrimination protected by the Fifth Amendment, and made applicable to the states through the Fourteenth Amendment, forbids comment by the prosecution on defendant's failure to testify or instructions by the court that such silence is evidence of guilt. Thus, defendant's statutory right against such comment under A.R.S. § 13–163, subsec. B has been extended to the level of a constitutional guaranty.

■ Federal decisions in this area have acknowledged that not every statement directed at the accused's evidence, or lack of it, violates his constitutional rights. These cases say that the Fifth Amendment is violated only if the statements will call the jury's attention to the fact that defendant has not testified in his own behalf. Edwards v. Patterson, 249 F.Supp. 311 (D. Colo.1965); Knowles v. United States, 224

F.2d 168 (10th Cir. 1955). Knowles states at p. 170:

"It is concededly improper and reversible error to comment on the failure of a defendant to testify in his own behalf, and the test is whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify. Morrison v. United States, 8th Cir., 6 F.2d 809. It is not improper for the government to draw attention to the failure or lack of evidence on a point if it is not intended to call attention to the failure of the defendant to testify."

. The statements questioned in the present case, when viewed in proper context with the state's entire line of argument, do not have the effect of focusing the jury's attention on the fact that defendant has not taken the stand. The first statement was in the nature of a comment on the evidence defendant had presented, attacking the weakness of his alibi witnesses. The second statement was answering defense counsel's reference to the fact that no other witnesses to the attempt testified for the state, and explained that only the two parties were present, the accused and the complaining witness. The jury could not naturally or necessarily have taken either of these statements to be an improper comment, infringing upon defendant's constitutional privilege. Therefore we believe there is no reasonable doubt of the harmlessness of the remarks. See Chapman v. State of California, 386 U.S. ——, 87 S.Ct. 824, 17 L.Ed.2d —— (U.S. Feb. 20, 1967).

Defendant relied upon State v. Jordan, 80 Ariz. 193, 294 P.2d 677 (1956), a murder case which construed A.R.S. § 13–163, subsec. B holding improper certain remarks to the effect that only God, the decedent and defendant could tell what happened. These remarks were held not to be reversible error, since no objection had been made at the trial level. The jury's attention there was clearly focused on defendant's failure to take the stand, since he obviously was the only one who could testify in view of the fact the victim, who was dead, could not. In the case at bar, the alleged victim could and did testify, and the attention of the jury was not directed towards defendant's silence but rather to the fact that no other witness than the victim was present.

The judgment of the Superior Court is therefore affirmed.

BERNSTEIN, C. J., McFARLAND, V. C. J., and STRUCKMEYER and UDALL, JJ., concur.