430 P.2d 426

STATE of Arizona, Appellee,

v.

Ruben C. ZARAGOSA, Appellant.

No. 1 CA–CR 124.

Court of Appeals of Arizona.

July 28, 1967.

Darrell F. Smith, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

Vernon B. Croaff, Public Defender, by Grant Laney, Deputy Public Defender, for appellant.

CAMERON, Chief Judge.

This is an appeal from a jury verdict and judgment of guilt to the crime of grand theft (auto). A.R.S. §§ 13–661 and 13–663. We are called upon to determine the admissibility of certain hearsay evidence and the correctness of the court's instruction to the jury concerning defendant's failure to testify at the trial.

The facts necessary for a determination of this matter on appeal are as follows. On 9 August 1966 Charles Compton noticed his 1961 pick-up truck was missing from the front of his home in Cashion, Arizona. Compton drove his automobile in search of the truck and located it in Tolleson as it was pulling away from the curb with two men in the cab. He drove his car alongside the truck and shouted to the driver to pull to the curb. The driver speeded up and pulled away from the car. Compton

took a shotgun he had in the front seat of the car and thrust it out the window and fired two or three shots in the air in an effort to attract the local police. The truck sped off and Compton gave chase. As the truck was crossing the Agua Fria Bridge, the truck hit the guard rail, backed up and hit the guard rail a second time, and then rolled down the embankment into a ravine. The driver got out of the truck and ran up to Compton who held him prisoner with his shotgun until the police officers came. The second man in the truck ran away and was never arrested. The driver was arrested and tried in the Superior Court on the charge of grand theft which resulted in a mistrial. A second trial was held, he was convicted, and he brings this appeal.

### THE ADMISSIBILITY OF THE HEARSAY TESTIMONY

 Defendant first objects to the admission of the testimony by the Deputy Sheriff concerning the identification of the defendant by 10 year old Leon Camp, Jr. At the trial Leon testified as follows on cross-examination:

"Q: Leon, you came here once before and testified, did you not?

"A: Yea.

"Q: And at that time when the County Attorney asked you if you remembered who the man was that you saw at the bridge, you answered him by saying you could not remember; isn't that correct?

"A: Yes, but after, at the bridge, then I remembered; but now I can't remember."

The arresting officer was allowed to testify over defense objections as follows:

"As I stated, I was advised that young Mr. Camp had observed the person who had taken the vehicle. Myself and Officer Gunn of the Sheriff's office had taken young Mr. Camp to the vehicle in which the defendant was in at that time and was asked if that was the person he had seen and he saw get into the vehicle

and he stated it was the same person he saw had taken the truck."

The State argues that the testimony of the Deputy Sheriff was admissible as an exception to the hearsay rule because the statement of the child, Leon Camp, Jr., formed a part of the res gestae and was a spontaneous utterance. With this we cannot agree. We have discussed this matter in the case of State v. Villalobos, 6 Ariz.App. 144, 430 P.2d 723 (1967), decided this day. In that case we set forth requisites that must be proved before a statement can be admitted into evidence as an exception to the hearsay rule. These are:

(1). There must be a startling event.

(2). The words must be spoken soon after the event so as not to give the person speaking the words the time to fabricate.

(3). The words spoken must relate to the startling event.

It is the opinion of the Court that these tests were not met by the facts in the instant case.

The State further contends that the Officer's testimony came under the exception to the hearsay rule as an extrajudicial identification:

"* * * the rule now prevailing in most jurisdictions in which the question has been fully considered, subject to the qualifications and exceptions noted, is that the prior identification may be shown by the testimony of the identifier or identifying witness, or by the testimony of the third person to whom or in whose presence the identification was made, where the identifier has testified or is present and available for cross-examination at the trial, not as original, independent, or substantive proof of the identity of the defendant as the guilty party, but in corroboration of the testimony of the identifying witness, at the trial, as to the identity of the defendant." Annotation, 71 A.L.R.2d 449, 453.

This statement of the law has been followed in Arizona in State v. Miranda, 98 Ariz. 11,

401 P.2d 716 (1965), citing with approval the case of People v. Gould, 54 Cal.2d 621, 7 Cal.Rptr. 273, 354 P.2d 865 (1960). In the cases we have read supporting this proposition the identifier has made a positive identification at the trial itself or the prosecution has been surprised by the failure of the witness to identify a defendant previously identified (71 A.L.R.2d, § 17, page 491). We have found no cases as in the instant case where the witness is unable to testify positively as to the identity of the defendant at the trial. We do not believe that the recent Arizona Supreme Court case of State v. Taylor, 99 Ariz. 151, 407 P.2d 106 (1965), applies in this case, and it was error to admit the testimony of the police officer concerning the prior extra-judicial identification by the 10 year old witness.

## INSTRUCTION TO THE JURY

■ The second question raised by the defendant concerns the instruction to the jury by the court on the failure of the defendant to take the witness stand. The instruction complained of reads as follows:

"Now, a defendant in a criminal case may be a witness in his own behalf but is not compelled to testify and the failure of the defendant to take the witness stand in his own behalf cannot in any manner prejudice him or be in any wise considered by you in arriving at your verdict. That may seem somewhat peculiar to you—maybe not—but let us assume that there has not been sufficient evidence that I have committed error—this is an assumption—well, I have permitted it, that to go to a jury, why, the defendant does or does not take the stand—I don't say that's a fact in this case—but there's a reason for it and a good one and that is the reason you are so instructed. I hope I have made myself clear in this instruction."

The record before us does not indicate that defendant requested an instruction to the jury on the failure of the defendant to take the witness stand. This question has pre-

viously been before our Court and we stated:

"The record does not disclose a request by the defendant for an instruction relative to the right of a defendant to not testify. It is error to instruct on this subject unless the defendant so requests." State v. Cousins, 4 Ariz.App. 318, 420 P.2d 185 (1966).

It is the opinion of this Court that the instruction as given in this case is reversible error.

## SUFFICIENCY OF THE EVIDENCE

■ The third question raised by the defendant is whether the evidence is sufficient to support the verdict as to intent. The crime of theft requires a specific felonious intent to deprive the owner permanently of his property. State v. Parsons, 70 Ariz. 399, 222 P.2d 637 (1950). The taking of property without the consent of the owner is alone insufficient. Whitson v. State, 65 Ariz. 395, 181 P.2d 822 (1947). On appeal from conviction the appellate court is required to view the evidence in the light most favorable to the State. State v. Taylor, 2 Ariz.App. 314, 408 P.2d 418 (1965). We have reviewed the transcript of the trial and it is the opinion of this Court that there was sufficient evidence on the question of intent to go to the jury.

The judgment is reversed and remanded for new trial for the reasons set forth above.

DONOFRIO, J., concurs.

STEVENS, Judge (specially concurring).

The majority opinion correctly states the prevailing rule rendering inadmissible the ten year old child's identification of the defendant at the bridge at the scene of the accident. In my opinion the rule is too restrictive. The boy identified the driver of the vehicle at the bridge but was unable to identify him in the courtroom. The boy was available for cross-examination as to the person to whom the identification was

related and as to all of the circumstances appropriate to the inquiry which would either corroborate or discredit his knowledge or means of knowledge as to the identity of the person he saw at the bridge. The person to whom the identification was related, in this instance the arresting officer, within the sound discretion of the trial judge concerning the sufficiency of the foundation and the circumstances surrounding the identification by the boy, should then be permitted to testify in the manner reflected by the record and quoted in the majority opinion. In my opinion all of the necessary safeguards would then have been available to the defense. In my opinion these views are consistent with this Court's opinion in the case of State v. Villalobos, decided this day. I concur in the reversal.