433 P.2d 16

**STATE of Arizona, Appellee,**

v.

**Alonzo Charles SPENCER, Appellant.**

**No. 1679.**

Supreme Court of Arizona.

In Banc.

Nov. 2, 1967.

Darrell F. Smith, Atty. Gen., Carl Waag, Gary Nelson, Asst. Attys. Gen., Robert K. Corbin, Maricopa County Atty., Robert Hertzberg, O. J. Wilkinson, Deputy County Attys., for appellee.

Alonzo Charles Spencer, in pro. per., Donald Francone, Deputy Public Defender, Tupper, Skeens, Rapp & Morris, by Herbert Danz, Phoenix, for appellant.

McFARLAND, Vice Chief Justice:

Alonzo Charles Spencer, hereinafter referred to as defendant, was tried and found guilty of the crime of grand theft of an automobile, in violation of A.R.S. § 13–661, § 13–663, as amended in 1963, and § 13–671, and was sentenced to serve not less than twenty years nor more than thirty years in the Arizona State Prison. From this conviction and sentence defendant appeals. This court, in a decision on December 22, 1966, reported in 101 Ariz. 529, 421 P.2d 886, affirmed the conviction and sentence subject to a finding of the trial court that a confession admitted in evidence

was voluntary. The case was remanded to the trial court for the determination of the voluntariness of the confession. The trial court was directed, if it found the confession to be voluntary and so ruled, to cause a certified copy of its minute entry to be submitted to the clerk of this court, and if no objection to the ruling were presented within fifteen days of the Supreme Court's receipt of such minute entry, an order would be entered affirming the conviction. The lower court also was directed to grant a new trial in the event it found the confession to be involuntary. In accordance with the order of this court the trial court held a hearing on the voluntariness of the confession. Defendant was represented by counsel of his own choosing, and the court, after the hearing, entered the following finding in its order:

"The Court finds that the Defendant was properly advised of his rights under the Rule then prevailing; that the statements, both oral and written, were in fact voluntarily made after having had a full explanation of his rights, and that not only were they made voluntarily, but they were made knowingly and with understanding of the consequences thereof".

■ Defendant, in propria persona, filed objections to the findings of the trial court, stating that it was involuntary for the reason it had been secured by promises and by threats of violence. This case was originally tried on November 2, 1965, which was before the decision in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. In Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, it was held that the Miranda decision was not to be applied retroactively to trials begun before the Miranda decision. Therefore, the controlling law in the instant case is to be derived from the principles set forth in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L. Ed.2d 977. We have previously so held. State v. Stelzriede, 101 Ariz. 385, 420 P.2d

170, and State v. Intogna, 101 Ariz. 275, 419 P.2d 59.

■ There is a conflict in the facts in the instant case. The officers testified that defendant was neither threatened nor coerced in any way, that no promises nor inducements of any kind were made, and that he was advised of his right to remain silent, that anything he said could be used against him, and that he had a right to counsel. The evidence shows that he did not make a request for counsel, nor was a request for counsel denied prior to or during the statement. Defendant testified that he was threatened by the officers:

"A   Then he say, 'Now, you see this. If you write this out,' he said, 'You don't have but one charge. We done talked to the County Attorney. That is No: 1. Now we going to tell you what going to happen if you don't write it out we handle you just like we handle the rest.'
* * *

*      *      *      *      *      *

"Q   What did you understand?

"A   Bulling, whipping. He is down with it. He is down with it. He know what that ruckus stuff is, whipping. You know, whip me up, in this thing."

However, this testimony was denied by the officers. The officers stated that no promises were made to him, that they merely told him they were not going to proceed with the other cases against him, but they would proceed merely upon the charge in the instant case. The trial court found that the statement was voluntary. In an appeal where there is a conflict of evidence, it must be construed in a light most favorable to the state. State v. Griffin, 99 Ariz. 43, 406 P.2d 397.

■ We find the evidence substantially supports the findings of the trial court. Objections to the findings of the court are denied. Judgment of conviction and sentence are affirmed.

BERNSTEIN, C. J., and UDALL, STRUCKMEYER and LOCKWOOD, JJ., concur.