436 P.2d 899

**The STATE of Arizona, Appellee,**
**v.**
**Fred GREEN, Appellant.**
**No. 1618.**

Supreme Court of Arizona,
In Banc.
Feb. 8, 1968.

Darrell F. Smith, Atty. Gen., T. M. Pierce, Asst. Atty. Gen., for appellee.

Michael W. Murray, Tucson, for appellant.

BERNSTEIN, Justice.

Defendant, Fred Green, appeals from a conviction of robbery in violation of A.R.S. § 13–641 and § 13–643, and from the imposition of a sentence of not less than seven nor more than eight years in the Arizona State Prison.

On December 2, 1964, Mark Foster, a Tucson taxi-cab driver, was robbed by two male passengers he had picked up in response to a radio call. Foster drove the two men from Tony's Bar in Tucson to a nearby address where the robbery was perpetrated. The police arrived shortly thereafter, and by that time a crowd had congregated around the taxi-cab. The defendant, who was mingling in the crowd, was singled out by the police and confronted with the robbery victim, who was then asked if he could identify defendant as one of the holdup men. Foster denied that defendant was one of the men who had robbed him. A few days later Foster picked out two pictures from the police mug book, which were admittedly not pictures of defendant.

On a subsequent occasion the police brought the defendant to meet with Foster once again for identification purposes, and again the victim denied that defendant had been involved. However, approximately ten days later Foster dramatically changed his story and told the police that Green had in fact been one of the robbers. Foster testified that the reason he was reluctant to identify the defendant was because " * * I was afraid * * * I mean, he threat-ened me and my family and—I just didn't want to do it." A warrant was then issued for defendant's arrest.

Meanwhile, defendant, who was in Phoenix being inducted into the Armed Forces, was arrested by the Phoenix police on other charges. The following day Tucson detectives arrived in Phoenix with a warrant for his arrest on the robbery charge. After being fully advised of his constitutional rights the defendant was questioned at Phoenix Police Headquarters where he made an admittedly false confession to a cab robbery which had never actually been committed. He was then returned to Tucson where, after some additional questioning, he confessed to the cab robbery for which he was tried.

The trial court held the required hearing to determine the voluntariness of these two statements, and made an express finding that the statements elicited were voluntary. See State v. Costello, 97 Ariz. 220, 399 P.2d 119. An additional factor must be mentioned. Although the first confession was in writing the instrument was not admitted into evidence because it was "mislaid" by the state. Instead, a police officer who was present at the time the false confession was made was allowed to testify as to its contents.

On appeal defendant contends that prejudicial error was committed when the two confessions were admitted into evidence, since at the time the statements were made his attorney was not present. The defendant retained an attorney after his initial arrest in Phoenix, and conferred at least once with his attorney while in Phoenix. Since the trial of the instant case began on March 1, 1965, before the applicable date of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, the principles enunciated in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, are controlling. The evidence is uncontradicted that defendant was advised of his right to counsel, his privilege against self-incrimination, and the fact that anything he said could be used against him in court.

Furthermore, the record supports the conclusion that the first confession was voluntary. State v. Spencer, 102 Ariz. 466, 433 P.2d 16 (1967); State v. George, 95 Ariz. 366, 390 P.2d 899.

Defendant also argues that since the second confession was obtained in Tucson outside the presence of his counsel that it should not have been admitted in evidence. We must note that the record clearly shows that defendant was fully advised of his rights again before the interrogation was conducted in Tucson, and had ample opportunity to contact an attorney. Moreover, there is sufficient evidence in the record to support the findings of the trial judge and jury that this confession was voluntary. State v. Spencer, supra; State v. George, supra.

■ The defendant's next assignment of error raises in substance the following question. Does the fact that a particular confession is false together with the prosecution's inability to produce the written evidence of that confession require the conclusion that it was involuntary? Although it may be true that "the involuntary confession will generally be false and therefore mislead rather than lead to the truth", nevertheless the converse is not necessarily true. 2 Wharton, Criminal Evidence § 348, at 34 (12 ed. 1955). Indeed, the jury may draw various conflicting inferences from the fact that a particular confession is false. On the one hand, it may decide that the subsequent confession was as false as the first one, and therefore disregard it. On the other hand, the jury may infer that the falsity of the first confession tends to prove its involuntary character, and consequently they might then find that the second confession suffered from the same infirmity. Of course the jury might also infer that the reason the first confession was false was because the defendant was using it to delay the police and throw them off the scent. Nonetheless, as we see it, this was a matter clearly within the province of the jury and we find no reason to exclude it from their consideration.

Furthermore, we fail to see any logical connection between the prosecution's inability to produce the written confession and its alleged involuntary character. Since the state's own witnesses conceded the falsity of the first confession nothing further could be gained from the written document, particularly where defendant did not attack the state's description of the contents of that confession. We therefore hold that the trial court properly admitted both of defendant's statements.

Defendant next argues that the trial court erred when it failed to grant the following requested instruction:

"If you find that the plaintiff, the State of Arizona, has destroyed, caused to be destroyed, or allowed to be destroyed any evidence whose contents of quality are in issue, you may infer that the true fact is against their interest."

We approved the same instruction in State v. Willits, 96 Ariz. 184, 393 P.2d 274, and defendant relies heavily on that case. However, State v. Willits, supra, is clearly distinguishable from the instant case. In Willits the defendant was convicted of attempting to explode dynamite in a dwelling house with intent to injure, intimidate or terrify his former wife. The defendant there argued that the dynamite was in such a condition that it could not be exploded, and that the detonating cap was discharged accidently. The state turned over the package of explosives to officials at Davis-Monthan Air Force Base where it was subsequently destroyed. It is apparent that in the Willits case the explosives were crucial to the defendant's contention that the dynamite was in such a condition that it could not be exploded, and therefore the above instruction was required.

■ However, in the case before us there is nothing to indicate that the written confession might have been critical to the defendant's case, for the contents of that confession were admitted in evidence at the trial and were uncontradicted by the defendant. Indeed, in State v. Willits, supra,

we explained the reason for the necessity of such an instruction as follows:

"It is thus plain that the defendant's requested instruction as to the inferences which could be drawn by the jury in the light of his evidence was the key to his entire defense." 96 Ariz. at 188, 393 P.2d at 277.

Consequently, we hold that the trial court correctly refused the instruction.

Finally it is contended that the robbery victim's identification of the defendant in this case violates the principles recently announced by the Supreme Court of the United States in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178. Yet the defendant concedes that these decisions are not retroactive, and therefore we conclude they have no application to the instant case. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199. We hold that no error was committed in allowing the robbery victim to testify.

Judgment affirmed.

McFARLAND, C. J., UDALL, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.