447 P.2d 890

**The STATE of Arizona, Appellee,**

v.

**Roy Lee DEAN and Marvin Kisselburg, Appellants.**

**No. 2 CA–CR 123.**

Court of Appeals of Arizona.

Nov. 27, 1968.

Rehearing Denied Dec. 30, 1968.

Review Denied Feb. 18, 1969.

**510**

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Douglas H. Clark, Tucson, for appellant Dean.

Jerold A. Cartin, Tucson, for appellant Kisselburg.

KRUCKER, Judge.

## APPEAL OF ROY LEE DEAN

Defendant Dean was convicted of petty theft, second offense, a felony, and this appeal is taken, not from the conviction itself, but from the application of the Arizona Recidivist Statute, A.R.S. § 13–1649, 5 A.R.S.

The prior conviction occurred on May 5, 1967, in the city court, City of Tucson, and at this time Dean pleaded guilty to and was convicted of petty theft. He was not represented by counsel at this time, and the city magistrate informed him that he had the right to have counsel present, but that the expense of providing counsel would be on the defendant. Dean was not informed that he had the right to have counsel provided without charge in the event that he was financially unable to procure his own, and his testimony states that he pleaded guilty because he was not represented by counsel at this time.

In December of 1967, an information was filed charging Dean with the crime of petty theft and alleging the prior conviction. Motion was made to quash the allegation concerning the prior conviction on the ground that Dean was entitled to have counsel appointed for him at public expense, and since this was not done, the prior conviction was void. The motion was denied after hearing thereon.

Dean was eventually convicted under the December, 1967 information, and the jury found that the allegation concerning the prior conviction was true. The questions before this court are two:

(1) Can a defendant, after the opportunity to appeal a conviction of petty theft has elapsed, collaterally attack its validity when such conviction is alleged as a prior conviction?

(2) Where a prior conviction for petty theft, a misdemeanor, is used in a subsequent criminal proceeding for the purpose of enhancing the punishment to be given for the subsequent offense, and where the defendant, at the time of the prior conviction, was not represented by counsel, then must it be shown that the defendant, at the time of his prior conviction, was advised of his rights to have counsel provided for him and that he waived these rights before the prior conviction may be used to enhance the punishment in the subsequent proceedings?

Both of these questions must be answered in the affirmative, that is, in favor of the defendant. The Supreme Court of Arizona, in the recent case of State v. Reagan, 103 Ariz. 287, 440 P.2d 907 (1968), passed directly upon the second issue presented here, and thereby decided the first as well. In its opinion, the Court said:

"Accordingly, in view of the recent United States Supreme Court decisions, we hold that, notwithstanding any decisions which may appear to be to the contrary, when an allegation of prior conviction of petty theft is used to enhance punishment it effectively becomes a 'serious offense' which requires that the record of that prior conviction show that defendant was represented by counsel, or advised of his rights to counsel and waived his right to counsel, before it can be used in the subsequent prosecution."

In denominating a prior conviction for petty theft as a "serious offense" when used for the purpose of enhancing punishment, the Court brought such a conviction within the operation of State v. Anderson, 96 Ariz. 123, 392 P.2d 784 (1964), which

interpreted the constitutional right to have counsel provided to all prosecutions involving "serious offenses."

■ In the case before us, it is undisputed that defendant was not informed of his right to have counsel provided for him, and under the rule announced in State v. Reagan, supra, we hold that the application of the Recidivist Statute to the defendant in this case was improper.

■ However, since defendant has taken exception only to the application of the Recidivist Statute and not to the conviction itself, a new trial will not be necessary. Cf., Burgett v. State of Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, (1967). The judgment of the trial court as to Dean is, therefore, set aside, and the cause is hereby remanded for sentencing not inconsistent with the foregoing.

## APPEAL OF MARVIN KISSELBURG

Defendant Kisselburg, co-defendant with defendant Dean, whose appeal is discussed above, was convicted of petty theft with a prior conviction, a felony.

From this conviction, defendant Kisselburg appeals on the following issues:

(1) That a defendant who so requests has a *right* to have the jury instructed that his failure to testify should in no way be considered by them in determining his innocence or guilt.

(2) That the trial court erred in admitting into evidence certain statements made by the defendant because said statements were involuntary.

Defendant's requested instruction No. 1 reads as follows:

"A defendant in a criminal case may be a witness in his own behalf, but is not compelled to be so, and the choice of this defendant not to take the witness stand cannot in any manner prejudice him, or be in anywise considered by you in arriving at a determination in this case. In other words, it is the duty of the State of Arizona to prove the charge against this defendant the same as any other person charged, and when a person charged with a crime does not take the witness stand, then a jury cannot and must not consider that as against the defendant in arriving at a verdict."

It is defendant's position that, having requested this instruction, he had a right to have it given, and that the refusal thereof was error.

It must be considered that, in the trial from which this appeal was taken, there were two defendants, one of whom requested an instruction regarding his failure to testify, and the other desirous that no such instruction be given. If the former had a *right* to such an instruction, and, if the latter likewise had a *right* to prevent the giving of such an instruction, then the trial court was faced with an irreconcilable diversity of interest. If such be the law, then there could be no possible ruling except one constituting reversible error as to one or the other of the defendants.

It would be impossible to accommodate each defendant in such a case, and the only conceivable path to follow would require separate criminal trials in each case where one defendant decides that he wants the instruction and the other decides to the contrary. See, Rule 254, Rules of Criminal Procedure, 17 A.R.S.; 23 C.J.S. Criminal Law § 935.

■ State v. Cousins, 4 Ariz.App. 318, 420 P.2d 185 (1966), and State v. Zaragosa, 6 Ariz.App. 80, 430 P.2d 426 (1967), both set forth the rule that it is reversible error to instruct respecting the failure of defendant to testify unless he has requested such an instruction. These cases were decided by Division One of this court, and in the absence of some contrary manifestations in rulings of our Supreme Court, we would be inclined to follow these decisions. Spettigue v. Superior Court, 8 Ariz.App. 281, 445 P.2d 557 (1968).

Moreover, the question which was before the court in *Cousins* and *Zaragosa,* supra, has not been directly presented here, and it appears only in relation to the problems which will exist in future criminal trials in which there is more than one defendant.

It is, therefore, with great trepidation that we consider the propriety of the doctrine of *Cousins* and *Zaragosa,* but since that doctrine, depending upon our ruling today, could have great significance in all future attempts to prosecute several criminal defendants in joint trials, we are compelled to consider the problem. If both rights are said to exist, then separate trials will be available upon the mere assertion that the co-defendants find themselves to be in subjective disagreement regarding an instruction on the right not to testify. We are not convinced that such is the law, and, therefore, we feel that one rule or the other must be rejected.

That no unfavorable inference may be drawn by reason of a defendant's failure to testify is both a statutory and constitutional mandate in Arizona. State v. Pierson, 102 Ariz. 90, 425 P.2d 115 (1967). Obviously this mandate applies in any prosecution in which defendant has declined to testify.

Where no request for an instruction on failure to testify has been made, our Supreme Court has held that the failure to instruct on the subject will not be error, and that the trial court is not under an obligation to so instruct *sua sponte.* Bradley v. State, 35 Ariz. 420, 279 P. 256 (1929); Sullivan v. State, 47 Ariz. 224, 55 P.2d 312 (1936); see also, State v. Jones, 103 Ariz. 580, 447 P.2d 554 (November 21, 1968).

Implicit in the rulings in both of these decisions is the proposition that had a request been made, then the failure of the court to instruct would have been error.

A.R.S. § 13–163, 5 A.R.S., provides:

"A. A defendant in a criminal action or proceeding shall not be compelled to be a witness against himself, but may be a witness in his own behalf. If he offers himself as a witness in his own behalf, he may be cross-examined to the same extent and subject to the same rules as any other witness.

"B. The defendant's neglect or refusal to be a witness in his own behalf shall not in any manner prejudice him, or be used against him on the trial or proceedings."

Our Supreme Court, in passing on another question, had occasion to discuss the nature of the constitutional and statutory privilege against self incrimination in the case of State v. Smith, 101 Ariz. 407, 420 P.2d 278 (1966). The Court there stated:

"* * * [T]he constitutional guarantee against testimonial compulsion should be liberally construed in favor of those to be protected * * *.

*    *    *    *    *    *

"The very nature of the privilege not to take the witness stand, as an essential part of the right against self-incrimination, commands the decision we have reached. The privilege contemplates the defendant's free choice not to testify no matter what his reasons may be. * * *"

In *Smith* the Court was confronted with a record in which it appeared that the prosecutor, during his closing remarks to the jury, had made a comment upon the fact that defendant did not testify. While this is not the situation before us in this case, we feel, nevertheless, that the remarks of the Court on that occasion are germane to this problem, which is one of first impression in this State.

In Bruno v. United States, 308 U.S. 287, 60 S.Ct. 198, 84 L.Ed. 257 (1939), the U.S. Supreme Court passed upon the right of a defendant to an instruction regarding his failure to testify when such an instruction has been requested by him. The Court considered the following statute:

"In the trial of all indictments, informations, complaints, and other proceedings against persons charged with the commission of crimes * * * the person so charged shall, at his own request but not otherwise, be a competent witness. And his failure to make such request shall not create any presumption against him." 28 U.S.C.A. § 632 (as it read in 1939; present version: 18 U.S.C.A. § 3481).

The Court held that this statute gave the defendant a *right* to have the requested instruction given.

A comparison between A.R.S. § 13–163 and the federal statute above quoted indicates that, if anything, the legislature of Arizona has imposed a more stringent safeguard in this matter than has the Congress of the United States. We further note that the directive contained in A.R.S. § 13–163 has become one of constitutional proportions. State v. Pierson, supra.

■ The foregoing all leads us to the conclusion that the defendant had a right, upon timely request therefor, to have the jury instructed concerning his failure to testify and the evidentiary effects, or lack thereof, which arise as a result. The refusal to give the requested instruction was prejudicial error.

■ On the other hand, where no request has been made, and the trial court, nevertheless, instructs respecting failure to testify, then we cannot agree that it commits error, providing the instruction given is a proper one. Our Supreme Court has never recognized as the sole basis of error the fact that a criminal defendant did not want an instruction to be given; *Cousins* and *Zaragosa* cite no cases in support of their rulings, and we find therein no rationale or explanation leading to the conclusions there reached.

We note that a recent California case has held that an instruction on failure to testify must be given if requested, but if the defendant objects to such an instruction, then to give it becomes a comment upon defendant's failure to testify as forbidden in Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). People v. Molano, 253 Cal.App.2d 841, 61 Cal.Rptr. 821 (1967). At the whim of the accused, an instruction which properly states the law on the subject undergoes a monumental transformation from a procedural safeguard required by the Constitution to a noxious and abhorrent comment forbidden by the very same Constitution. The only basis for this rather startling metamorphosis is the subjective desire of the accused.

■ With all due respect to the California court, we find that its reasoning does not commend itself to us. An instruction that the jury shall not consider an accused's failure to testify in determining its verdict, and that they may not infer guilt or other prejudice from such failure to testify, is not a comment by the court that failure to testify is circumstantial evidence of guilt. Indeed, such an instruction expresses the very opposite to a comment forbidden by Griffin v. California, supra.

Thus, we feel that the court may never err in giving an instruction on failure to testify, assuming that the contents of the instruction itself are adequate. United States v. Kelly,[1] 349 F.2d 720 at 768–769 (2d Cir. 1965); Coleman v. United States, 367 F.2d 388 (9th Cir. 1966). We cannot reconcile this with the holdings in *Cousins* and *Zaragosa,* supra, and we therefore decline to follow their doctrine insofar as here inconsistent.

Inasmuch as a new trial will be required, we shall take up the second issue brought here by defendant in order that a subsequent appeal on the same matter may be avoided. Defendant's second claim of error is based on the admission into evidence of statements allegedly made by defendant to a police officer shortly after defendant was apprehended. Specifically, defendant has claimed that the statements were made in response to questions directed to him by the police officer at a time after the defendant had indicated that he did not wish to be interrogated, contrary to the Fifth and Fourteenth Amendments to the U.S. Constitution as construed in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

---

[1.] In this case, one defendant requested an instruction on his right not to testify and two defendants objected to such an instruction. The court held that the trial judge had no alternative but to give the instruction, it having been requested, and that regardless of a request there would be no error in giving such an instruction.

The evidence before the trial court in the hearing out of the presence of the jury for making its preliminary determination of voluntariness, is in substantial dispute.

The police officer testified that the defendant was advised of his rights, and that subsequent to this the defendant was asked a number of questions. The officer testified further that the defendant made no response to most of the questions directed to him, but that the defendant did answer certain questions relating to the ownership of an automobile which was connected with the offense charged. The officer stated that the defendant at first denied that he was the owner of the automobile, but that the defendant later admitted the vehicle was his.

At this same hearing, the defendant testified he did not remember being advised of his rights, and that he was asked no questions at this time, nor did he make any statements.

The officer was permitted to testify before the jury that the defendant first denied and then admitted that he was the owner of the vehicle, and it is the admission of this testimony of which defendant complains.

The trial court found that the foregoing statements were voluntarily made, beyond a reasonable doubt. The only evidence bearing upon the issue before us is that the defendant responded to certain questions, and that he made no response to others.

We are of the opinion that a factual issue is presented as to whether defendant indicated a desire not to be interrogated, his silence in response to certain of the questions being ambiguous. The trial court necessarily determined this factual issue in favor of the State, to wit: That the defendant did not indicate a desire that the interrogation come to an end.

It is the province of the trial court to resolve factual disputes in voluntariness hearings, and on an appeal where the evidence is conflicting or where conflicting inferences can be drawn therefrom, the evidence must be construed in a manner which tends to support the findings below. State v. Spencer, 102 Ariz. 466, 433 P.2d 16 (1967).

Giving this construction to the record before us, we are of the opinion that the trial court's finding of voluntariness was justified, and that as to the second question presented, no error was committed.

Judgment shall be reversed, and the cause remanded for a new trial.

HATHAWAY, C. J., and MOLLOY, J., concur.