461 P.2d 497

The STATE of Arizona, Appellee,

v.

Lauro Sanchez SUAREZ, Jr., Appellant.

No. 2 CA–CR 182.

Court of Appeals of Arizona.

Division 2.

Nov. 25, 1969.

Rehearing Denied Jan. 15, 1970.

Review Denied Feb. 24, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Knez & Glatz, by Richard D. Crites, Tucson, for appellant

KRUCKER, Chief Judge.

Defendant-appellant, Lauro Sanchez Suarez, Jr., was informed against for the crime of petit theft with a prior. The jury returned a verdict of guilty and judgment was entered thereon. Defendant was sentenced to not less than four nor more than five years, based on an admitted prior offense. He appeals the judgment and sentence.

The sole issue on appeal is whether it was reversible error for the trial judge to instruct the jury, in the absence of a request therefor, on the right of a defendant in a criminal case to not testify.

Defendant concedes that there was a disagreement between the two divisions of this court on the matter. State v. Cousins, 4 Ariz.App. 318, 420 P.2d 185 (1966); State v. Zaragosa, 6 Ariz.App. 80, 430 P.2d 426 (1967); State v. Dean, 8 Ariz. App. 508, 447 P.2d 890 (1968). He also concedes that the Arizona Supreme Court resolved the conflict in State v. McAlvain, 104 Ariz. 445, 454 P.2d 987 (1969). It held, citing *Dean* with approval:

"It is our position that it is better practice for the trial judge to give the instruction only if it is requested by the defendant, but it is not reversible error if the instruction is given without request." 454 P.2d at 990.

Defendant urges that we overrule *Dean* and *McAlvain* and reinstate *Cousins.*

We point out that we have no power to overrule our Supreme Court, McKay v. Industrial Commission, 103 Ariz. 191, 438 P.2d 757 (1968). We must defer to its decision.

Judgment affirmed.

HATHAWAY and HOWARD, JJ., concur.