418

471 P.2d 303

**STATE of Arizona, Appellee,**

v.

**Ernestine W. HUNT, Appellant.**

**No. 2 CA–CR 208.**

Court of Appeals of Arizona,
Division 2.

July 8, 1970.

Rehearing Denied Sept. 8, 1970.

Review Denied Oct. 27, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Lewis, Roca, Beauchamp & Linton, by John J. Flynn, Phoenix, for appellant.

HATHAWAY, Judge.

This is an appeal from a conviction of aggravated assault and battery and of contributing to the delinquency and dependency of a minor. This case has had a long, drawn out history, with the appellant being convicted at her first trial, on appeal receiving a new trial, and subsequent extradition hearings and appeals in the State Courts of Michigan and in the Federal Courts for the Sixth Circuit. This appeal is the result of a conviction rendered against the appellant upon her retrial, and for the basic facts and background of this case we refer the reader to State of Arizona v. Hunt, (6th Cir. 1969) 408 F.2d 1086, certiorari denied, 396 U.S. 845, 90 S.Ct. 81, 24 L.Ed.2d 95 (1969).[1]

While her initial conviction was being appealed, the defendant left Arizona and moved to Michigan. We granted her a new trial,[2] and after several delays and continuances the new trial was set for April 25, 1967. The defendant failed to appear at the trial, as she had failed to appear for several other proceedings, once being found in contempt of court.[3] The new trial having been delayed more than

1. See also: In re Hunt, 276 F.Supp. 112 (E.D.Mich.1967) ; State v. Hunt, 2 Ariz. App. 6, 406 P.2d 208 (1965) ; (Mich. Ct. of Appeals decision of August 29, 1967, No. 4030, and Michigan Supreme Court decision of September 7, 1967, No. 51871.

2. State v. Hunt, 2 Ariz.App. 6, 406 P.2d 208 (1965).

3. Minute Entry of March 3, 1967, Pima County Superior Court.

eighteen months, the trial judge found that the defendant was voluntarily absent from the state and ordered the trial to proceed, with her being tried *in absentia*.[4]

Three contentions are raised and we will consider them in the following order:

1. Did the appellant voluntarily absent herself from Arizona to permit the trial *in absentia*?

2. Did the appellant waive her constitutional rights to be present at the trial, to confront witnesses, and to have the effective assistance of counsel?

3. Did the trial court err in declining to instruct the jury that when a defendant fails to testify the jury is not to draw from that fact any inference either as to the guilt or innocence of the defendant?

■ The first two contentions raised by the appellant; whether she was voluntarily absent, and whether she waived her constitutional rights; were raised in the United States Court of Appeals for the Sixth Circuit in State v. Hunt (C.A.6th 1969) 408 F.2d 1086 and decided against her by that court. That judgment is res judicata and is the law of the case. State v. Hughes, 8 Ariz.App. 366, 446 P.2d 472 (1968); 46 Am.Jur.2d, Judgments § 394, pp. 558–559. That decision is conclusive as to the issues raised. United States v. International Bldg. Co., 345 U.S. 502, 73 S.Ct. 807, 97 L.Ed. 1182, rehearing denied, 345 U.S. 978, 73 S.Ct. 1120, 97 L.Ed. 1392, (1953). The Court of Appeals for the Sixth Circuit concluded that the "* * * absence from her trial was deliberate and voluntary" 408 F.2d at 1093, and that the appellant "* * * chose to *refuse* to exercise

her rights and clearly waived them." 408 F.2d at 1095 (emphasis in original).[5]

The third contention before us is whether the trial court committed error in refusing to instruct the jury that when a defendant fails to testify the jury is not to draw from that fact any inference either as to the guilt or innocence of the defendant.

This court in State v. Dean, 8 Ariz.App. 508, 447 P.2d 890 (1968) held that the failure of a trial court to give such an instruction after the defendant so requested was prejudicial error. The Arizona Supreme Court adopted the *Dean* view. State v. McAlvain, 104 Ariz. 445, 454 P.2d 987 (1969). Here, the defendant's position differs from that in the *Dean* case. In *Dean* the defendant was present in the courtroom in full view of the jury throughout the trial and chose not to testify.

■■ While ordinarily no unfavorable inference may be drawn by reason of the defendant's failure to testify, State v. Pierson, 102 Ariz. 90, 425 P.2d 115 (1967), had the defendant's flight, or attempt to avoid prosecution, or to avoid the process of the court been injected into the case, the jury would have been permitted to draw an inference of guilt from that fact. State v. Rodgers, 103 Ariz. 393, 442 P.2d 840 (1968); State v. Roderick, 9 Ariz.App. 19, 448 P.2d 891 (1968). The Circuit Court of Appeals for the Sixth Circuit found that the appellant's absence was voluntary and that she was "* * * a fugitive from Arizona." The requested instruction is incompatible with the defendant's status as a fugitive. In view of the peculiar circumstances in this case, we do not believe that

---

4. Rule 231, subd. B, Arizona Rules of Criminal Procedure, 17 A.R.S., provides in part:
"If the defendant is voluntarily absent, the proceedings provided by this Rule, * * *, may be had in his absence if the court so orders."

5. While the decision of the Court of Appeals of the Sixth circuit is res judicata on these matters, we note that after our own due consideration of the contention

raised that we likewise believe Mrs. Hunt's absence was voluntary since there was substantial evidence on which the trial court's finding was based, State v. Rogers, 4 Ariz.App. 198, 419 P.2d 102 (1966); and that she voluntarily waived her constitutional rights. Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912); Pearson v. United States, 117 U.S.App.D.C. 52, 325 F.2d 625 (1963).

fundamental or prejudicial error has occurred because of the refusal to give the requested instruction. And the appellant has failed to indicate how she suffered any prejudice by such failure.

Affirmed.

KRUCKER, J., and ALICE TRUMAN, Judge of the Superior Court, concur.

NOTE: Judge LAWRENCE HOWARD having requested that he be relieved from consideration of this matter, Judge ALICE TRUMAN was called to sit in his stead and participate in the determination of this decision.