421 P.2d 533

The STATE of Arizona, Appellee,

v.

Robert Cortez HERNANDEZ, Appellant.

No. 2 CA–CR 56.

Court of Appeals of Arizona,
Division 2.

Dec. 20, 1966.

———◇———

Darrell F. Smith, Atty. Gen., Gary K. Nelson, Phoenix, Asst. Atty. Gen., William J. Schafer, III, Pima County Atty., Carl Waag, Deputy Pima County Atty., Tucson, for appellee.

Leon Thikoll, Tucson, for appellant.

KRUCKER, Chief Judge.

After a jury trial in the Superior Court of Pima County, Robert Cortez Hernandez, the appellant, also referred to as defendant, was convicted of forgery on February 4, 1966, and he now takes this appeal.

On September 21, 1965, the defendant entered a Tucson department store and selected a pair of shoes, offering a check in payment. The check which he presented to the clerk had allegedly been issued to him by one Verne L. Goodrich, whose name was imprinted on the check, and whose signature ostensibly was written below. The clerk, being without authority to accept such a check, took both it and the defendant to the manager of the department. The manager thought it wise to investigate further, and, excusing himself, made a telephone call. He learned that Goodrich had never issued the check to the defendant. By this time, Hernandez had left the store, without having endorsed the check.

At the trial, a handwriting expert testified to his belief that the defendant had signed Goodrich's name to the check. Goodrich testified that he had not issued the check to the defendant and that Hernandez was not authorized to sign his (Goodrich's) name.

The defendant does not dispute that the jury could have reasonably found that he signed Goodrich's name with the intent to defraud, but contends that since

he did not endorse the check it was a worthless instrument, and thus incapable of defrauding, damaging, or injuring anyone.

We disagree. The relevant statute, A.R.S. § 13–421, states in part:

"A. A person is guilty of forgery who, with intent to defraud:

"1. Signs the name of another person * * * knowing that he has no authority so to do, or falsely makes * * * any * * * check * * * or utters, publishes, passes, or attempts to pass * * * as true and genuine, any of the false, altered, forged or counterfeited matter described above, knowing it to be false, * * * with intent to prejudice, damage or defraud any person * * *."

It is true, as appellant states, citing 37 C.J.S. Forgery § 18, that an instrument which is so incomplete as to be utterly worthless for any purpose may not be the subject of forgery. However, the check in question does not constitute such an utterly worthless instrument. To quote appellant's own authority: "A check may be the subject of forgery notwithstanding it lacks the payee's indorsement, or the indorsement of the payee thereon is not forged." 37 C.J.S. Forgery § 23.

When appellant, without authority, signed Goodrich's name with the intent to defraud either him or another, the crime of forgery was complete. Intent is a question of fact for the jury, and the facts herein lead to a reasonable inference of intent, which is an essential element of forgery, and may be inferred from circumstances in which the false instrument is executed or issued. State v. Maxwell, 95 Ariz. 396, 391 P.2d 560 (1964). It was not necessary that appellant again sign his own name as an endorser.

We believe that the defendant's actions in signing Goodrich's name to the check came so clearly within the language of the statute that it is hardly necessary to cite authority. In fact, the defendant's conten-

tion is so clearly erroneous that it has very seldom been raised on appeal. The only case which our research has discovered treating the issue of the necessity of endorsement is People v. Sanders, 82 Cal. App. 778, 256 P. 251 (1927):

"The defendant was convicted of the crime of forgery upon an indictment charging that jointly with James Cosgrove and Charles Lovett, on or about the 22d day of November, 1926, she willfully, unlawfully, etc., with intent to defraud one D. B. Curry, did make and execute as true and genuine a certain check and instrument of writing, in the following words and figures, to wit:

" 'Marysville, Cal., Nov. 22, 1926. No. 15. 'Decker-Jewett Bank 90–231:

" 'Pay to the order of W. D. Lovett, $17.50, seventeen fifty dollars. D. B. Curry.'

"Her motion for a new trial being denied, the defendant appeals therefrom and from the judgment of conviction.

\* \* \* \* \* \*

"[1] The first allegation of error is based upon the fact that the indictment does not charge that the name of W. D. Lovett was fraudulently or otherwise forged or indorsed upon said check, and that, therefore, it fails to allege facts sufficient to constitute an offense. In support of this contention two cases are relied upon by the appellant: * * * These cases, however, are readily distinguishable from the case at bar.

\* \* \* \* \* \*

"These cases differ in their facts from the case at bar, in that the defendant in the instant case is charged with forging the name of D. B. Curry as the maker of the check, thus bringing the offense clearly within the terms of section 470 of the Penal Code, which reads:

" 'Every person who, with intent to defraud, signs the name of another person, or of a fictitious person, knowing that he has no authority so to do, to, or falsely makes, alters, forges, or counterfeits,

any charter, * * * bank bill or note, postnote, check,' etc., '* * * is guilty of forgery.'

"The name of D. B. Curry is alleged to have been forged and signed to the check as the maker, which sufficiently constitutes the offense of forgery."

For the foregoing reasons, the judgment of the trial court is affirmed.

HATHAWAY and MOLLOY, JJ., concur.