NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CORY A. SINGLETON, *Appellant.*

No. 1 CA-CR 19-0061
FILED 9-12-2019

Appeal from the Superior Court in Maricopa County
No. CR 2018-001983-001
The Honorable David O. Cunanan, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mark E. Dwyer
*Counsel for Appellant*


Cory A. Singleton
*Appellant*

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge David D. Weinzweig joined.

**P E R K I N S**, Judge:

**¶1**     Cory A. Singleton timely filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), following his convictions for possession of a dangerous drug, a class 4 felony; and possession of drug paraphernalia, a class 6 felony. Singleton's counsel has searched the record on appeal and found no arguable question of law that is not frivolous. *See Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).

**¶2**     The court permitted Singleton to file a supplemental brief. He responded with a "Notice to Adject Motion to Strike Anders Brief," [sic] which this court, through a judge pro tempore, construed as a motion for new counsel and as a motion to strike defense counsel's *Anders* brief. Both motions were properly denied. While we note that Singleton did not then file a supplemental brief titled as such, he did raise two legal issues in his motion that we will review out of an abundance of caution as part of our review of the entire record.

**¶3**     Singleton claims that the superior court's decision allowing him to waive his Sixth Amendment right to self-representation was error. Singleton also claims that the state law library resources to which he had access were so insufficient as to deprive him of his ability to assist in his own defense. Finally, counsel asks this court to search the record for fundamental error. After reviewing the entire record, we affirm Singleton's convictions and resulting sentences.

## FACTUAL AND PROCEDURAL HISTORY

**¶4**     On December 9, 2016, around 9:15 am, Officer McNeal engaged in a community contact with Cory Singleton. During that contact, Officer McNeal took "a small folding knife" from Singleton's person. Upon completing the contact, Officer McNeal returned possession of the knife to Singleton by placing it in Singleton's backpack. Fifteen minutes later, Officer McNeal responded to a 9-1-1 call concerning a man with a knife at

a gas station. After hearing the call over the radio, Officer McNeal recognized Singleton's description and went to the gas station. Another responding officer, Officer Weigler, detained Singleton while Officer McNeal searched his person for weapons. During his search, Officer McNeal observed Singleton's unzipped bag, and observed the previously found knife visible inside. Officers McNeal and Weigler placed Singleton under arrest, and, after speaking with witnesses at the gas station, Officer McNeal searched Singleton's bag. Inside the bag, Officer McNeal found the knife, as well as a "meth pipe with a white residue inside it." The Phoenix Police Crime Laboratory revealed through testing that the residue consisted of a usable quantity of methamphetamine.

¶5        The State charged Singleton with one count of aggravated assault, one count of possession of dangerous drugs, and one count of possession of drug paraphernalia. Singleton waived his Sixth Amendment right to counsel on May 23, 2018, and represented himself *pro se* until October 22, 2018. Just prior to opening statements, Singleton waived his right to represent himself and allowed his advisory counsel to represent him. The jury found Singleton not guilty of aggravated assault, and guilty of possession of dangerous drugs and possession of drug paraphernalia.

**DISCUSSION**

¶6        The record reveals sufficient evidence from which the jury could determine, beyond a reasonable doubt, that Singleton is guilty of possession of dangerous drugs and possession of drug paraphernalia. The record reflects that all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. *See State v. Gomez*, 27 Ariz. App. 248, 251 (App. 1976) (citing Ariz. R. Crim. P. 1.2). Singleton knowingly, intelligently, and voluntarily waived his right to counsel and exercised his right to represent himself during the preliminary stages of this matter. *See Iowa v. Tovar*, 541 U.S. 77, 88 (2004). Following his explicit waiver of his right to self-representation, Singleton was represented by counsel at all subsequent stages of the proceeding. *See, e.g., Buhl v. Cooksey*, 233 F.3d 783, 800 (3d Cir. 2000); *Wilson v. Walker*, 204 F.3d 33, 38 (2d Cir. 2000). At sentencing, Singleton spoke on his own behalf and the court stated on the record the factors it considered in imposing the sentence. *See* Ariz. R. Crim. P. 26.9, 26.10. The sentence imposed was within the statutory limits. *See* A.R.S. §§ 13-701 to 13-709.

¶7        Singleton's first argument is without merit. Nothing about Singleton's waiver of his right to self-representation, or as Singleton put it "defendant['s] attempt to withdraw waiver of his right to counsel," was

error. It is well established that "[p]articipation by counsel with a *pro se* defendant's express approval is, of course, constitutionally unobjectionable." *McKaskle v. Wiggins*, 465 U.S. 168, 182 (1984); *see also State v. Boggs*, 218 Ariz. 325, 338, ¶ 60 (2008) (citing *id.*) ("A defendant who exercises the right to self-representation can subsequently waive that right either explicitly or implicitly."). The court acknowledged the waiver and allowed advisory counsel to proceed only after the court inquired into the knowingness, voluntariness, and intelligence of the action. This explicit exchange is more than sufficient to constitute a waiver, and therefore the court did not err in accepting the waiver.

¶8         Singleton's second argument is also without merit. *Pro se* defendants do have a constitutional right of access to the courts that requires prison authorities to "assist inmates in preparation and filing of meaningful legal papers." *Lewis v. Casey*, 518 U.S. 343, 346 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (abrogated on other grounds by *Lewis*, 518 U.S. at 354)). Defendants do not have "an abstract, freestanding right to a law library or legal assistance." *Id.* at 351. Accordingly, an inmate must establish an actual injury to his ability to have meaningful access to the courts resulting from the alleged inadequate assistance to prevail on such a claim. *Id.* A defendant cannot merely allege some theoretical defect in the library or assistance program. *Id.* Here, Singleton has not alleged any facts that would suggest even a theoretical deficiency. Consequently, his argument is meritless.

## CONCLUSION

¶9         We have reviewed the entire record for arguable issues of law and find none, and therefore affirm Singleton's two convictions and resulting sentences. *Leon*, 104 Ariz. at 300–01.

¶10         Defense counsel's obligations pertaining to Singleton's representation in this appeal have ended. Counsel need do no more than inform Singleton of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Singleton has thirty days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Additionally, Singleton has thirty days from the

date of this decision to proceed, if he wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA