NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RUBEN GIRON, *Appellant.*

No. 1 CA-CR 19-0159
FILED 01-07-2020

Appeal from the Superior Court in Maricopa County
No. CR 2017-151995-001 DT
The Honorable Gregory Como, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Paul J. McMurdie joined.

---

**P E R K I N S**, Judge:

¶1        Ruben Giron timely filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), following his conviction for possession of drug paraphernalia, a class 6 felony. Giron's counsel has searched the record on appeal and found no arguable question of law that is not frivolous. *See Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Giron was given an opportunity to file a supplemental brief and did not do so. Our obligation is to review the entire record for reversible error, *id.*, viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against Giron. *State v. Guerra*, 161 Ariz. 289, 293 (1989). Having reviewed the entire record, we find no reversible error and affirm.

¶2        In the early morning hours of November 10, 2017, Officers Daley and Aguirre were on patrol when they pulled into the parking lot of a Pete's Fish and Chips (which was closed at the time). The officers found approximately four people, including Giron, sitting at a table on the patio. Giron began to walk away from the table as the officers arrived, and he appeared to be concealing something in his right hand. The officers asked for his attention and he complied. When the officers asked him what was in his hand, Giron responded that it was a "rig," which Officer Daley testified was street slang for a syringe. Giron opened his hand and displayed two uncapped syringes, which the officers recovered and later impounded. The officers also found a black tar-like substance on the table near Giron, which they also recovered and impounded. Officer Daley believed the substance to be heroin, and later tested it himself using a device called a "TruNarc."

¶3        After recovering these items, Officer Daley took Giron into custody, read him his Miranda rights, and asked him if he understood them. After responding that he understood his Miranda rights, Giron admitted that the substance on the table was his heroin and that he was about to use it before the officers arrived.

¶4 The state filed an information charging Giron with one count of possession or use of narcotic drugs (Count I), a class 4 felony, and one count of possession of drug paraphernalia (Count II), a class 6 felony. The state also alleged historical and non-historical prior felony convictions; aggravating circumstances; and that Giron was ineligible for mandatory probation due to prior drug convictions.

¶5 At trial, the state called as witnesses Officer Daley, Officer Aguirre, and Michael Osvold, the Phoenix crime lab employee who tested the substance the officers recovered from the table. Mr. Osvold explained the methodology he used to test the substance and testified that it tested positive for heroin. The defense called no witnesses and Giron did not testify. The jury found Giron guilty of Count II, but could not reach a verdict on Count I (Giron later entered into a plea agreement on this count).

¶6 Before sentencing, Giron stipulated to the existence of 2 historical and 2 non-historical prior felony convictions. The trial court allowed Giron to speak at sentencing and he did so. The trial court sentenced Giron to a mitigated prison term of 2.5 years with credit for 45 days of presentence incarceration on Count II.

¶7 The record reflects that all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. *See State v. Gomez*, 27 Ariz. App. 248, 251 (App. 1976) (citing Ariz. R. Crim. P. 1.2). Giron was present and represented by counsel at all stages of the proceeding. The record reveals sufficient evidence from which the jury could determine, beyond a reasonable doubt, that Giron is guilty of possession of drug paraphernalia. At sentencing, Giron had the opportunity to speak and the court stated on the record the factors it considered in imposing the sentence. *See* Ariz. R. Crim. P. 26.9, 26.10. The trial court imposed a sentence within the statutory limits. *See* A.R.S. §§ 13-701 to -709.

¶8 We have reviewed the entire record for arguable issues of law and find none, and therefore affirm Giron's conviction and resulting sentence. *Leon*, 104 Ariz. at 300–01.

¶9 Defense counsel's obligations pertaining to Giron's representation in this appeal have ended. Counsel need do no more than inform Giron of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Giron has thirty days from the date of this decision to proceed, if he wishes, with a *pro per* motion

for reconsideration. Additionally, Giron has thirty days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.

