NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MARTY JOSEPH MORALES, *Appellant.*

No. 1 CA-CR 19-0347
FILED 8-13-2020

Appeal from the Superior Court in Maricopa County
No. CR2018-144542-001 DT
The Honorable Dean M. Fink, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz, Michael O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Robert W. Doyle
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge James B. Morse Jr. joined.

**P E R K I N S**, Judge:

¶1        Marty Joseph Morales, Jr. filed a timely appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), following his conviction for aggravated assault, a class 5 felony. Morales' counsel has searched the record and found no arguable question of law that is not frivolous. *See Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Our obligation is to review the entire record for reversible error, *id.*, viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against Morales, *State v. Guerra*, 161 Ariz. 289, 293 (1989). Having reviewed the record, we find no reversible error and affirm.

¶2        On September 9, 2018, three Maricopa County detention officers were walking through a pod of inmates in a common area. One officer told inmate Mark Torres to step out of his cell for a random search. Another officer told Torres he was going to be restrained and taken to restrictive housing. Torres then punched an officer multiple times before being restrained. Torres called for help, and Morales approached the altercation and pushed one officer into a cell door. Morales was subsequently charged with aggravated assault, a class 5 felony.

¶3        At trial, the state called the three officers involved and the jail crimes detective for the Maricopa County Sheriff's Office; each of the officers testified that Morales shoved one officer. The defense called no witnesses and Morales did not testify. The jury found Morales guilty of aggravated assault.

¶4        Before sentencing, Morales agreed to five prior felony convictions in a plea agreement for a separate charge. The trial court allowed Morales to speak at sentencing and he did so. The court then sentenced Morales to the presumptive term of five years as a category three repetitive offender with credit for 277 days of presentence incarceration.

¶5            Morales filed a supplemental brief raising several issues, including claims for ineffective assistance of counsel. Post-conviction relief proceedings—not this *Anders* appeal—are the proper venue to raise ineffective assistance of counsel claims. *See State v. Chavez*, 243 Ariz. 313, 318, ¶ 15 (App. 2017); *see also id.* at 319, ¶ 21 n.7 (Cattani, J. concurring) ("The Opinion notes—and I agree—that *Anders*-type review of ineffective assistance of counsel claims is not feasible given that such claims generally rely on an investigation beyond the judicial record.").

¶6            Morales also claims prosecutorial misconduct through use of false testimony, fabricated evidence, and false witnesses. A defendant must show that the prosecutor's alleged misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *State v. Hughes*, 193 Ariz. 1184, 1191 (1988) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Morales points to no evidence in the record to substantiate these claims and we find none.

¶7            Finally, Morales makes numerous claims of error. He contends the trial judge failed to instruct the jury not to consider his custody status in deciding the case; the indictment failed to include the exact language of the violated statute; the grand jury did not return an indictment; defense counsel, not the jury foreperson signed the verdict; and there was an insufficient number of jurors. These claims are meritless. First, the trial judge instructed the jury not to consider the possibility of past crimes. Second, the indictment contained the exact language from the statute, and any insufficiencies with the first grand jury were cured by a a supervening grand jury indictment. Finally, the record does not reflect defense counsel signed the jury verdict, and the jury included the minimum number of eight jurors with one alternate. *See* A.R.S. § 21-102(A)–(B).

¶8            The record reflects all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. *See State v. Gomez*, 27 Ariz. App. 248, 251 (App. 1976). Morales was present for all stages of the proceeding. He was represented by counsel at all stages of the proceeding except for the time that he voluntarily waived his right to counsel and represented himself. The record contains sufficient evidence for which the jury could find, beyond a reasonable doubt, that Morales is guilty of aggravated assault upon a detention officer. At sentencing Morales was allowed to speak, did so, and the court stated on the record that it was a non-dangerous, repetitive offense as well as other factors considered in determining the sentence. *See* Ariz. R. Crim. P. 26.9, 26.10. The trial court delivered a sentence within the statutory limits. *See* A.R.S. §§ 13-701 to -709.

¶9        We deny Morales' pending pro per motions to file an additional brief and to obtain video of trial proceedings.

¶10       We have reviewed the entire record for arguable issues of law and find none, and therefore affirm Morales' conviction and resulting sentence. *Leon*, 104 Ariz. at 300–01.

¶11       Defense counsel's obligations pertaining to Morales' representation in this appeal have ended. Counsel must only inform Morales of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).



AMY M. WOOD • Clerk of the Court
FILED:    AA