NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

LAWRENCE CHRISTOPHER THOMAS, *Appellant*.

No. 1 CA-CR 19-0520
FILED 9-3-2020

Appeal from the Superior Court in Maricopa County
No. CR 2018-149843-001 DT
The Honorable Stephen M. Hopkins, Judge

**AFFIRMED**

COUNSEL

Attorney General of Arizona, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Public Defender, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge James B. Morse Jr. joined.

---

**P E R K I N S**, Judge:

¶1　　　　Lawrence Christopher Thomas timely filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), following his conviction for aggravated domestic violence, a class 5 felony. Thomas's counsel has searched the record on appeal and found no arguable question of law that is not frivolous. *Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). We granted Thomas leave to file a supplemental brief and he did not do so. We must review the record for reversible error. *Clark*, 196 Ariz. at 537, ¶ 30. We view the evidence in the light most favorable to sustaining the convictions and resolve all reasonable inferences against Thomas. *State v. Guerra*, 161 Ariz. 289, 293 (1989). Having reviewed the record, we find no reversible error and affirm.

¶2　　　　On October 5, 2018, L.A. (Mother to a child by Thomas) obtained an order of protection against Thomas. This was not the first such order L.A. obtained, and Thomas violated the previous orders. Thomas had twice been charged and pled guilty to those violations. Officer Berlyn served Thomas with the 2018 order of protection that same day, which listed L.A.'s apartment as a protected address. Two days later, at about noon, Thomas returned to the apartment, "banging at the door," asking for money and food while L.A. and B.D. — a family friend — were inside the apartment.

¶3　　　　Thomas eventually left and L.A. called the police, giving responding Officer Ditwiler a description of Thomas and showing him a copy of the order. Officer Ditwiler found and apprehended Thomas shortly thereafter. Incident to the arrest, he searched Thomas and found a copy of the order of protection in his back pocket.

¶4　　　　The state filed a direct complaint, charging Thomas with one count of aggravated domestic violence by interfering with judicial proceedings, a class 5 felony. The state later filed a supervening grand jury indictment for the same offense. The state alleged one historical non-

dangerous felony conviction, multiple non-historical prior felony convictions, and one historical felony prior upon conviction of a then-pending charge. The state also alleged aggravating circumstances.

¶5          At trial, the state called Officer Berlyn, Officer Ditwiler, L.A., and B.D. as witnesses. Thomas testified in his own defense and chose to testify to one historical felony rather than be impeached. The jury found Thomas guilty on Count I.

¶6          As part of the plea agreement for another pending case, Thomas admitted to two prior felonies that the court considered at sentencing. The trial court allowed Thomas to speak at sentencing and he did so. The court, after considering aggravating and mitigating factors, and the wishes of the victim, sentenced Thomas to a minimum term of four years concurrent with his other sentence. Thomas received pre-sentence incarceration credit for 125 days.

¶7          Thomas filed a petition for post-conviction relief, which was dismissed without prejudice pending the outcome of this appeal.

¶8          The record reflects that all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. *See State v. Gomez*, 27 Ariz. App. 248, 251 (App. 1976) (citing Ariz. R. Crim. P. 1.2). Thomas was present and represented by counsel at all stages of the proceedings. The record reveals sufficient evidence from which the jury could determine, beyond a reasonable doubt, that Thomas is guilty of aggravated domestic violence. At sentencing, Thomas had the opportunity to speak and the court stated on the record the factors it considered in imposing the sentence. *See* Ariz. R. Crim. P. 26.9, 26.10. The trial court imposed a sentence within the statutory limits. *See* A.R.S. §§ 13-701 to -709.

¶9          We have reviewed the entire record for arguable issues of law and find none. We therefore affirm Thomas's conviction and resulting sentence. *Leon*, 104 Ariz. at 300–01.

¶10          Defense counsel's obligations pertaining to Thomas's representation in this appeal have ended. Counsel need do no more than inform Thomas of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Thomas has thirty days

from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration. Thomas also has thirty days from the date of this decision to proceed, if he wishes, with a pro per petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA