NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ERIC STEIN ANDERSON, *Appellant*.

No. 1 CA-CR 22-0433
FILED 9-5-2023

Appeal from the Superior Court in Maricopa County
No.  CR2021-103033-001
The Honorable Howard D. Sukenic, Judge (Retired)

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Zhivago Law, Phoenix
By Kerrie M. Droban Zhivago
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge Angela K. Paton and Judge D. Steven Williams joined.

---

**P E R K I N S**, Judge:

¶1        Eric Stein Anderson timely filed his appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), following his conviction for kidnapping and attempt to commit second degree murder, both class 2 dangerous felonies (involving victim, Sarah), and two counts of aggravated assault, a class 3 dangerous felony (involving victims, Richard and Charlie respectively). We use pseudonyms to protect the victims' identities. *See* Ariz. R. Sup. Ct. 111(i). Anderson had the opportunity to file a supplemental brief but did not do so. Anderson's counsel has searched the record on appeal and found no arguable question of law that is not frivolous. *Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).

¶2        We must review the record for reversible error. *Clark*, 196 Ariz. at 537, ¶ 30. We view the evidence in the light most favorable to sustaining the convictions and resolve all reasonable inferences against Anderson. *State v. Guerra*, 161 Ariz. 289, 293 (1989). Having reviewed the record, we find no reversible error and affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶3        Sarah worked as the director of a non-profit organization providing affordable housing for the homeless. Anderson was a resident in her facility and was housed in a unit with two roommates. Due to ongoing roommate problems, Sarah relocated Anderson into a four-bedroom house where Anderson could have his own room. On January 23, 2021, after an individual in a nearby unit tested positive for Methamphetamine, Sarah and her coworkers, Richard and Charlie, along with another fellow employee conducted random "walk-throughs" of the units.

¶4        When they reached Anderson in his unit, Sarah informed Anderson that she was relocating him from the unit. Anderson stood, walked towards the door, pulled out a ceramic knife, and attempted to slam the door shut to trap Sarah in the room with him. As others tried to push

open the door, Anderson attacked and stabbed Sarah in the neck. Once the coworkers pried Sarah free, Anderson lunged at Sarah again. Charlie blocked the blow and the knife plunged into his back. Richard was stabbed near the eye and punched several times after he ran in to help Sarah. The knife subsequently broke. Charlie, Sarah, and Richard all sustained injuries.

¶5        The coworker that came with the victims called police after dragging Sarah by the back of her shirt to safety. Anderson expressed to officers that he attempted to separate Sarah "because he did not want her posse to interrupt him while he took her life." Anderson was indicted on one count of kidnapping, attempt to commit first degree murder, and two counts of aggravated assault. The State alleged thirteen aggravating factors.

¶6        Anderson requested and received a mental health evaluation pursuant to Rule 11.8(b) and mental health experts determined he was competent to stand trial. At trial, Anderson moved for an acquittal under Rule 20 regarding count two, attempted first-degree murder. The court denied the motion.

¶7        Jurors found Anderson guilty as charged on all but count two, finding instead that the State had met its burden as to the lesser included offense, attempt to commit second degree murder. Anderson was sentenced to the presumptive term of 10.5 years in prison on counts one and two, and seven-and-one half years on counts three and four, all of the sentences to run concurrently. Anderson received presentence credit of 606 days.

## DISCUSSION

¶8        The record reflects that all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. *See State v. Gomez*, 27 Ariz. App. 248, 251 (1976) (citing Ariz. R. Crim. P. 1.2). Anderson was present for all proceedings that he had not waived or refused to be present for. Anderson was represented by counsel at all stages of the proceedings. The record reveals sufficient evidence from which the jury could determine, beyond a reasonable doubt, that Anderson was guilty of kidnapping, attempted second degree murder, and two counts of aggravated assault with a deadly weapon or deadly instrument. At sentencing, Anderson had the opportunity to speak, although he did not do so, and the court stated on the record the factors it considered in imposing the sentence. *See* Ariz. R. Crim. P. 26.9, 26.10. The superior court imposed a sentence within the statutory limits. *See* A.R.S. §§ 13-701-709.

## CONCLUSION

**¶9** We have reviewed the entire record for arguable issues of law and find none. We therefore affirm Anderson's conviction and resulting sentence. *Leon*, 104 Ariz. at 300–01.

**¶10** Defense counsel's obligations pertaining to Anderson's representation in this appeal have ended. Counsel need do no more than inform Anderson of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Anderson has thirty days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration. Anderson also has thirty days from the date of this decision to proceed, if he wishes, with a pro per petition for review.



AMY M. WOOD • Clerk of the Court
FILED:   AA