NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

BYRON MICHAEL HARRISON, JR., *Appellant*.

No. 1 CA-CR 23-0065
FILED 9-14-2023

Appeal from the Superior Court in Coconino County
No. S0300CR202000757
The Honorable Ted S. Reed, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Janelle A. McEachern, Chandler
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Vice Chief Judge Randall M. Howe and Judge Daniel J. Kiley joined.

**P E R K I N S**, Judge:

¶1        Byron Michael Harrison, Jr. timely appealed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), following his convictions for possession of narcotic drugs for sale, possession of dangerous drugs, and possession of drug paraphernalia. Harrison's counsel searched the record and found no arguable question of law that is not frivolous. *See Anders*, 386 U.S. at 744; *State v. Melendez*, ___ Ariz. ___, ___, ¶ 1, 2023 WL 4728653, at *1 (Ariz. App. July 25, 2023). Harrison had the opportunity to file a supplemental brief but did not do so.

¶2        We must "review the entire record for reversible error, viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against [Harrison]." *Melendez*, ___ Ariz. at ___, ¶ 1 (cleaned up). Having reviewed the record, we find no reversible error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶3        In September 2020, Coconino County Sheriff's deputies approached a suspicious vehicle at Twin Arrows Navajo Casino. The deputies found Harrison standing outside the vehicle with the driver's side door and trunk open. The deputies searched the vehicle and uncovered drug paraphernalia, a digital scale, over $1,000 in cash, and a safe. Inside the safe, deputies found over 500 fentanyl pills and a bag of methamphetamine.

¶4        The State arrested and charged Harrison with possession of narcotic drugs for sale, possession of dangerous drugs, and possession of drug paraphernalia. During a three-day trial, the State offered testimony from the responding deputy, a detective, and a forensic scientist. The jury found Harrison guilty on all counts.

¶5        Three weeks after the jury found Harrison guilty, the superior court received a letter from a third-party alleging juror misconduct. The letter alleged that a juror insinuated that the jury would find Harrison guilty after the first day of trial. The court did not hold an evidentiary hearing regarding the letter.

¶6        At the sentencing hearing, Harrison moved for a new trial citing the letter, which the superior court denied as untimely. The court found both aggravating and mitigating factors, and Harrison's sentencing range was enhanced because of his two historical prior felony convictions. Accordingly, the court sentenced Harrison to concurrent prison terms of

fourteen years for possession of narcotic drugs for sale, eight years for possession of dangerous drugs, and three years for possession of drug paraphernalia. The court awarded him 227 days presentence incarceration credit.

## DISCUSSION

**¶7**      After reviewing the record, the only arguable question on appeal is whether the superior court erred in failing to conduct an evidentiary hearing on the letter alleging juror misconduct and denying the request for a new trial. We review for an abuse of discretion. *State v. Hall*, 204 Ariz. 442, 447, ¶ 16 (2003).

**¶8**      The superior court's response to alleged juror misconduct should be "commensurate with the severity of the threat posed." *State v. Miller*, 178 Ariz. 555, 557 (1994) (cleaned up). And juror misconduct only warrants a new trial if "the defense shows actual prejudice or if prejudice may be fairly presumed from the facts." *Id.* at 558 (emphasis omitted).

**¶9**      The nature of the letter did not warrant an evidentiary hearing. The letter, which was not a sworn affidavit, was not brought to the superior court's attention until three weeks after the jury found Harrison guilty. And Harrison failed to identify any actual prejudice arising from the alleged misconduct. *See id.* We find no abuse of discretion.

**¶10**      The record reveals sufficient evidence from which the jury could determine, beyond a reasonable doubt, that Harrison is guilty of the charged offenses. The record reflects that all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. *See State v. Gomez*, 27 Ariz. App. 248, 251 (1976) (citing Ariz. R. Crim. P. 1.2). Harrison was present for all critical proceedings and was represented by counsel at all stages of the proceedings. Before sentencing, the superior court received a pre-sentence report. At sentencing, Harrison had an opportunity to speak. The court stated on the record the evidence and materials it considered and the factors it found in imposing the sentence. The superior court imposed sentences within the statutory limits. *See* A.R.S. §§ 13-701 to -709.

## CONCLUSION

**¶11**      We affirm Harrison's convictions and resulting sentences.

**¶12**      Defense counsel's obligations pertaining to Harrison's representation in this appeal have ended. Counsel need do no more than inform Harrison of the outcome of this appeal and his future options,

unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Harrison has thirty days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA