NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOSE PAZ SILVA CALDERON, *Appellant.*

No. 1 CA-CR 22-0171
FILED 1-4-2024

Appeal from the Superior Court in Maricopa County
No. CR2019-123066-001
The Honorable Kevin B. Wein, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Vice Chief Judge Randall M. Howe and Judge Daniel J. Kiley joined.

---

**P E R K I N S**, Judge:

**¶1** Jose Paz Silva Calderon timely appealed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), following his convictions for second-degree burglary, kidnapping (both involving victim, Maria), and two counts of threating or intimidating (involving victim Maria and Maria's family, respectively). We use pseudonyms to protect the victim's identity. *See* Ariz. R. Sup. Ct. 111(i). Calderon had the opportunity to file a supplemental brief but did not do so. Calderon's counsel searched the record and found no arguable question of law that is not frivolous. *See Anders*, 386 U.S. at 744; *State v. Melendez*, 256 Ariz. 14, 19, ¶ 1 (App. 2023).

**¶2** We must "review the entire record for reversible error, viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against [Calderon]." *Melendez*, 256 Ariz. at 19, ¶ 1 (cleaned up). Having reviewed the record, we find no reversible error and affirm.

## FACTS AND PROCEDURAL HISTORY

**¶3** Calderon and Maria were in a romantic relationship from 2018 to March 2019. After their break-up, Maria blocked Calderon's phone number, but he continued to call her from an unknown number.

**¶4** In May 2019, Calderon broke into Maria's home in the middle of the night. Calderon awakened Maria after he turned on her bedroom light, took her cellphone, and stood over her. Maria asked how he got inside her house, and Calderon replied that he got a master key from the Mafia. Maria told Calderon to leave but he refused and said "[y]ou're going with me." Calderon then grabbed Maria by the hair and threw her back down on the bed. Calderon said he had a knife and threatened that if Maria did not go with him, he would have the Mafia kill her family.

**¶5** Calderon forced Maria to leave with him and he drove her to his home. Once inside, Calderon grabbed Maria by the hair, threw her

down on his bed, and told her to lay down. Maria pretended to sleep because she was afraid of what Calderon might do to her. After Calderon fell asleep, Maria walked outside and called her niece for a ride home. Shortly after her niece arrived, Maria called the police.

¶6         At the police's direction, Maria participated in a recorded phone call to confront Calderon. During the confrontation call, Calderon implied that he got a key to Maria's house from the Mafia. He denied having a knife but said he had a gun with him when he entered Maria's home. Calderon admitted Maria did not want to leave with him but he took her anyway because "[he] wanted to be with [her]."

¶7         The State arrested Calderon an hour after the confrontation call and charged him with attempt to commit sexual assault, burglary in the second degree, kidnapping, and two counts of threatening or intimidating.

¶8         The superior court vacated the first trial on day two because Calderon was medically unavailable to appear in court. During the second trial, which lasted eight days, the State offered testimony from Maria, responding officers, the lead detective, and an adult domestic violence expert.

¶9         After the defense rested, Calderon moved for a Rule 20 acquittal as to all five counts. The superior court granted the Rule 20 Motion as to Count 1, attempt to commit sexual assault, but denied the motion as to Counts 2–5. The jury found Calderon guilty on all remaining counts. The jury also found as an aggravating factor to Counts 2 and 3 that the offense caused emotional harm to the victim.

¶10        Calderon moved for a new trial, which the superior court denied, finding that sufficient evidence supported the jury's verdict. At the separate sentencing trial, the court found both aggravating and mitigating factors, and Calderon's sentencing range was enhanced because of his two historical prior felony convictions. Accordingly, the court sentenced Calderon to concurrent prison terms of twelve years for kidnapping, ten years for burglary in the second degree, and two six-month sentences for threatening or intimidating. The court awarded him 1063 days presentence incarceration credit.

## DISCUSSION

¶11        The record reflects that all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. *See State v. Gomez*, 27 Ariz. App. 248, 251 (1976) (citing Ariz. R. Crim. P. 1.2). Calderon

was present for all critical proceedings and was represented by counsel at all stages of the proceedings. The record reveals sufficient evidence from which the jury could determine, beyond a reasonable doubt, that Calderon was guilty of second-degree burglary, kidnapping, and threating or intimidating Maria and her family. At sentencing, Calderon had an opportunity to speak. The court stated on the record the evidence and materials it considered and the factors it found in imposing the sentence. *See* Ariz. R. Crim. P. 26.10. The superior court imposed sentences within the statutory limits. *See* A.R.S. §§ 13-701 to -709.

## CONCLUSION

**¶12** We have reviewed the entire record for arguable issues of law and find none. We therefore affirm Calderon's convictions and resulting sentences. *See Leon*, 104 Ariz. at 300–01.

**¶13** Defense counsel's obligations pertaining to Calderon's representation in this appeal have ended. Counsel need do no more than inform Calderon of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Calderon has thirty days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration. Calderon also has thirty days from the date of this decision to proceed, if he wishes, with a pro per petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA