NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JERMAINE A. HALL, *Appellant*.

No. 1 CA-CR 23-0136
FILED 4-16-2024

Appeal from the Superior Court in Maricopa County
No. CR2020-000396-001
The Honorable Jennifer E. Green, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Defender's Office, Phoenix
By Robert W. Doyle
*Counsel for Appellee*

Jermaine A. Hall, San Luis
*Appellant*

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge David D. Weinzweig joined.

**P E R K I N S**, Judge:

¶1        Jermaine Hall timely appealed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following his convictions for possession of a dangerous drug and possession of drug paraphernalia. Hall had the opportunity to file a supplemental brief but did not do so. Hall's counsel searched the record and found no arguable question of law that is not frivolous. *See Anders*, 386 U.S. at 744; *State v. Melendez*, 256 Ariz. 14, 19, ¶ 1 (App. 2023).

¶2        We must "review the entire record for reversible error, viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against [Hall]." *Melendez*, 256 Ariz. at 19, ¶ 1 (cleaned up). Having reviewed the record, we find no reversible error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶3        In June 2020, Hall was arrested in a lawful traffic stop. In a search incident to the arrest, police found a glass pipe in Hall's left cargo pant pocket. The pipe had a burned end and contained a melted white crystalline substance. Crime lab testing subsequently determined the substance was 135 milligrams of methamphetamine.

¶4        The state charged Hall with possession of a dangerous drug and possession of drug paraphernalia. At trial, the state offered testimony from the responding officers and the crime lab forensic scientist who tested the methamphetamine.

¶5        After the state rested, Hall moved for a directed verdict, which the court denied. Hall then rested. The jury found Hall guilty on both counts.

¶6        At sentencing, Hall stipulated to one prior felony conviction. The court found the aggravating and mitigating factors balanced each other and sentenced Hall to concurrent prison terms of 4.5 years for possession of a dangerous drug and 1.75 years for possession of drug paraphernalia. The court awarded him 72 days presentence incarceration credit.

## DISCUSSION

¶7        The record reflects that all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. *See State v. Gomez*, 27 Ariz. App. 248, 251 (1976) (citing Ariz. R. Crim. P. 1.2). Hall was

present for all critical proceedings and was represented by counsel at all stages of the proceedings. The record reveals sufficient evidence from which the jury could determine, beyond a reasonable doubt, that Hall was guilty of possession of a dangerous drug and possession of drug paraphernalia. At sentencing, Hall had an opportunity to speak. The court stated on the record the evidence and materials it considered and the factors it found in imposing the sentence. *See* Ariz. R. Crim. P. 26.10. The superior court imposed sentences within the statutory limits. *See* A.R.S. §§ 13-701 to -709.

## CONCLUSION

¶8        We have reviewed the entire record for arguable issues of law and find none. We therefore affirm Hall's convictions and resulting sentences. *See Leon*, 104 Ariz. at 300–01.

¶9        Defense counsel's obligations pertaining to Hall's representation in this appeal have ended. Counsel need do no more than inform Hall of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Hall has thirty days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration. Hall also has thirty days from the date of this decision to proceed, if he wishes, with a pro per petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA