NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BENJAMIN CHRISTOPHER NETTROUR, *Appellant.*

No. 1 CA-CR 24-0268
FILED 04-08-2025

Appeal from the Superior Court in Mohave County
No. S8015CR202300643
The Honorable Derek C. Carlisle, Judge

**AFFIRMED**

COUNSEL

The Law Offices of Stephanie K. Bond, P.C., Tucson
By Stephanie K. Bond
*Counsel for Appellant*

Benjamin Christopher Nettrour, Douglas
*Appellant*

**MEMORANDUM DECISION**

Judge Presiding Jennifer M. Perkins delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge D. Steven Williams joined.

**P E R K I N S**, Judge:

**¶1**　　　　Benjamin Christopher Nettrour timely appealed under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969) following his convictions for: manslaughter, a class 2 felony (Count 1); two counts of aggravated assault with a dangerous instrument, class 3 felonies (Counts 2 and 3); aggravated assault causing "temporary but substantial loss or impairment of any body organ or part," a class 4 felony (Count 4); and two counts of driving while under the influence of drugs, class 1 misdemeanors (Counts 5 and 6). Nettrour's counsel searched the record and advised this Court that he found no arguable, non-frivolous question of law. *See Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Nettrour filed a supplemental brief, which we have considered.

**¶2**　　　　We must review the entire record for reversible error, *Clark*, 196 Ariz. at 537, ¶ 30, viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against Nettrour, *see State v. Guerra*, 161 Ariz. 289, 293 (1989). Having reviewed the record and Nettrour's supplemental brief, we find no reversible error and affirm his convictions and sentences.

## FACTUAL AND PROCEDURAL BACKGROUND

**¶3**　　　　In June 2023, Patrick, his fiancé, Ava, and Ava's daughter, Camryn, were traveling north on Highway 93 in Mohave County. We use pseudonyms to protect the victims' identities. *See* Ariz. R. Sup. Ct. 111(i). Nettrour was driving in the left lane and Patrick merged into the left lane ahead of Nettrour. Nettrour failed to apply his brakes for over six seconds after Patrick merged into his lane. Nettrour only braked half a second before he crashed into Patrick's truck, causing it to roll multiple times.

**¶4**　　　　The crash fractured Ava's neck and cervical spine, killing her instantly. Camryn suffered pelvic fractures and a neck injury, was hospitalized for three weeks after the crash, and attended weekly physical therapy appointments upon her discharge from the hospital, where she had to relearn how to walk. Patrick was hospitalized for pain to his head, spine, and right arm.

**¶5**　　　　The state trooper who responded to the scene observed that Nettrour had "bloodshot, watery eyes." The trooper conducted multiple field sobriety tests and arrested Nettrour based on his performance. A

blood test conducted three hours after the crash revealed alprazolam (commonly known as Xanax) and methamphetamine in Nettrour's system.

¶6            The State charged Nettrour with manslaughter and multiple counts of both aggravated assault and driving under the influence. After a four-day trial, a jury convicted Nettrour on all counts. The State alleged ten aggravating factors and the jury found each beyond a reasonable doubt during a separate aggravation hearing.

¶7            The court sentenced Nettrour to consecutive terms of imprisonment for Counts 1–4 for a total of 28.5 years' imprisonment. The court explained consecutive sentences were appropriate "for different offenses committed upon different [victims]." The court awarded Nettrour 320 days of presentence incarceration credit.

## DISCUSSION

¶8            Nettour's supplemental brief argues that he received ineffective assistance of counsel at trial, but such claims must be brought in a Rule 32 post-conviction proceeding and may not be considered on direct appeal. *State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415, ¶ 20 (2007).

¶9            The record reflects that the superior court conducted all proceedings in compliance with the Arizona Rules of Criminal Procedure. *See State v. Gomez*, 27 Ariz. App. 248, 251 (1976) (citing Ariz. R. Crim. P. 1.2). Nettrour was represented by counsel for his arraignment before he voluntarily waived his right to counsel. Nettrour appeared pro per for a pretrial conference and two status conferences, but later requested and was appointed an attorney, who represented him through the remaining proceedings, including trial. Nettrour was present at all critical stages of the proceedings. The record reveals sufficient evidence from which the jury could determine, beyond a reasonable doubt, that Nettrour was guilty of the charged offenses. The court stated on the record the factors it considered in imposing Nettrour's sentence, *see* Ariz. R. Crim. P. 26.10, and sentenced him within the statutory guidelines, *see* A.R.S. §§ 13-701 to -709.

## CONCLUSION

¶10           We have reviewed the entire record for arguable issues of law and find none. We therefore affirm Nettrour's convictions and resulting sentences. *See Leon*, 104 Ariz. at 300–01.

¶11           Defense counsel's obligations pertaining to Nettrour's representation in this appeal have ended. Counsel need do no more than

inform Nettrour of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the Court's own motion, Nettrour has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration. Nettrour also has 30 days from the date of this decision to proceed, if he wishes, with a pro per petition for review.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR