NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MELLYNNE AWUOR ORICHO, *Appellant.*

No. 1 CA-CR 25-0044

FILED 03-30-2026

Appeal from the Superior Court in Maricopa County
No. CR2024-113359-001
The Honorable Sam J. Myers, Judge

**AFFIRMED**

COUNSEL

The Susser Law Firm, PLLC, Chandler
By Adam Susser
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge Angela K. Paton joined.

**P E R K I N S**, Judge:

¶1 Mellynne Awuor Oricho timely appealed under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969) following her conviction for aggravated assault, a class 3 felony, and resulting sentence. Oricho's counsel searched the record and advised this Court that he found no arguable, non-frivolous question of law. *See Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Oricho had the opportunity to file a supplemental brief but did not do so.

¶2 We must review the entire record for reversible error, *State v. Thompson*, 229 Ariz. 43, 45, ¶ 3 (App. 2012), viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against Oricho. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998). After reviewing the record, we affirm Oricho's conviction and sentence.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 On March 20, 2024, Oricho stabbed her husband with a kitchen knife after an argument about infidelity. The argument started after Oricho heard her husband on the phone with another woman while she was preparing food in the kitchen. Oricho told her husband she was leaving him, at which point he tried to hug her. Oricho then stabbed him.

¶4 Oricho gave conflicting stories to the police. Prior to her arrest, she said she was "annoyed" with her husband and "tried to use the knife on him." But later, she claimed she did not know what happened and suggested that she accidentally stabbed him while she was gesturing with the knife. While in custody, Oricho again admitted she "tried to cut him up."

¶5 The State charged Oricho with one count of aggravated assault, a class 3 felony. At trial, both arresting officers testified. The State played the body-worn camera footage of Oricho's admissions for the jury. Oricho testified in her own defense that she did not intend to stab her husband.

¶6 After the State rested, Oricho moved for acquittal under Arizona Rule of Criminal Procedure 20. The court denied the motion and sent the case to the jury. The jury found Oricho guilty.

¶7 At sentencing, the State moved to drop the allegation of dangerousness. The court granted the motion, making Oricho's offense

probation-eligible. The court then sentenced Oricho to two years of supervised probation.

## DISCUSSION

**¶8** The record reflects that the superior court conducted all pre-trial and trial proceedings in compliance with the Arizona Rules of Criminal Procedure. *See State v. Gomez*, 27 Ariz. App. 248, 251 (1976) (citing Ariz. R. Crim. P. 1.2). Oricho was present and represented by counsel, or waived her presence, at all stages of the proceedings. The record reveals sufficient evidence from which the jury could determine, beyond a reasonable doubt, that Oricho was guilty of the charged offense. Oricho spoke at sentencing. The court stated on the record the factors it considered in imposing Oricho's sentence, *see* Ariz. R. Crim. P. 26.10, and sentenced her within the statutory guidelines, *see* A.R.S. §§ 13-701 to -709. We therefore affirm Oricho's conviction and sentence.

## CONCLUSION

**¶9** We have reviewed the entire record for arguable issues of law and find none. We therefore affirm Oricho's conviction and resulting sentence. *See Leon*, 104 Ariz. at 300–01.

**¶10** Defense counsel's obligations pertaining to Oricho's representation in this appeal have ended. Counsel need do no more than inform Oricho of the outcome of this appeal and her future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the Court's own motion, Oricho has 30 days from the date of this decision to proceed, if she wishes, with a *pro per* motion for reconsideration. Oricho also has 30 days from the date of this decision to proceed, if she wishes, with a *pro per* petition for review.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:          JR

3