NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JEREMY LUCAS LASZLO MAGYAR, *Appellant*.

No. 1 CA-CR 25-0203

FILED 06-23-2026

Appeal from the Superior Court in Maricopa County
No. CR2022-030674-001
The Honorable Utiki Laing, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

By Michael J. Dew, Phoenix
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge Angela K. Paton joined.

**P E R K I N S**, Judge:

**¶1**        Jeremy Lucas Laszlo Magyar timely appealed under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969) following his convictions and resulting sentences for two counts of aggravated driving under the influence of alcohol (impaired to the slightest degree) and (blood alcohol concentration ("BAC") over 0.08) with a suspended license, both class 4 felonies. Magyar's counsel searched the record and advised this Court that he found no arguable, non-frivolous question of law. *See Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Magyar had the opportunity to file a supplemental brief but did not do so.

**¶2**        We must review the entire record for reversible error, *State v. Thompson*, 229 Ariz. 43, 45, ¶ 3 (App. 2012), viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against Magyar. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998). After reviewing the record, we affirm Magyar's convictions and sentences.

## FACTS AND PROCEDURAL BACKGROUND

**¶3**        On the evening of October 23, 2020, Magyar collided with another vehicle while driving southbound on State Route 51. Although Magyar's vehicle was emitting heavy smoke after the collision, he fled the scene, exited the highway, and pulled into a nearby parking lot. Another driver, who had witnessed the accident, followed Magyar's smoking vehicle to the parking lot. The other driver parked in an adjacent parking lot and called 911 to report the accident. While waiting for the police to arrive, the other driver saw Magyar exit from the driver's door, walk into a gas station, possibly into a smoke shop, and then go back into his vehicle.

**¶4**        Police arrived on the scene about 30 minutes after the accident. Police observed that Magyar's eyes were bloodshot and watery, his breath smelled of alcohol, and he was slurring his speech. Magyar refused a blood, breath, or urine test. So police obtained a warrant and drew his blood approximately 2 hours and 45 minutes after the accident. The test returned a blood alcohol content of 0.087 and the presence of THC.

**¶5**        The State charged Magyar with two counts of aggravated driving under the influence of alcohol with a suspended license, and one count of driving under the influence of marijuana with a suspended license. *See* A.R.S. § 28-1381(A)(1)–(3), -1383(A)(1). At trial, the State introduced

testimony from the other driver, multiple police officers and forensic scientists, and a custodian of records for the department of motor vehicles, who testified that Magyar's license was suspended on the date of the accident and that Magyar was notified of the suspension. The jury found Magyar guilty on both counts of aggravated driving under the influence of alcohol but acquitted him of driving under the influence of marijuana.

¶6         At sentencing, the court found that Magyar had two prior felony convictions. The court sentenced him as a category three repetitive offender to presumptive 10-year sentences to run concurrently. The court credited Magyar with 713 days of presentence incarceration credit.

## DISCUSSION

¶7         The record reflects that the superior court conducted all pre-trial and trial proceedings in compliance with the Arizona Rules of Criminal Procedure. *See State v. Gomez*, 27 Ariz. App. 248, 251 (1976) (citing Ariz. R. Crim. P. 1.2). Magyar was present and represented by counsel, or waived his presence, at all stages of the proceedings. Sufficient evidence was presented at trial for the jury to determine, beyond a reasonable doubt, that Magyar was guilty of the charged offenses. Magyar spoke at sentencing. The court stated on the record the factors it considered in imposing Magyar's sentences, *see* Ariz. R. Crim. P. 26.10, and sentenced him within the statutory guidelines, *see* A.R.S. §§ 13-701 to -709.

## CONCLUSION

¶8         After reviewing the entire record for reversible error, we find none. We therefore affirm Magyar's convictions and sentences. *See Leon*, 104 Ariz. at 300–01.

¶9         Upon the filing of this decision, defense counsel shall inform Magyar of the status of the appeal and of his future options. Counsel has no further obligations unless counsel finds an issue appropriate to submit to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Magyar shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.